## Cooley *v.* Hobart *et al.*

In a proceeding to foreclose a mortgage, where the answer admits the execution of the mortgage and note, and does not deny that the amount claimed in the petition, is due and owing, there is nothing for the plaintiff to prove.

The fact that a mortgage was executed to secure the payment of a debt previously contracted, will not invalidate it; nor does it make any difference that it was executed by one of the members of a partnership and his wife, to secure the debt of the firm.

Where a petition to foreclose a mortgage, asks a judgment on the note, and a foreclosure of the mortgage, there is no union of law and equity in one proceeding; and the judgment prayed for is authorized by section 2084 of the Code.

*Appeal from the Marshall District Court.*

MONDAY, APRIL 18.

FORECLOSURE. The mortgage was executed by Hobart and wife, to secure a note made by the firm of Hobart & Waterbury—said note dated prior to, but maturing after, the date of the mortgage. The judgment in the court below was, that plaintiffs recover against the firm the amount of the note, with interest; that the mortgaged premises be sold under a special execution; and that if the proceeds of said

sale were not sufficient to satisfy the said judgment, that a general execution issue against the makers of the note.

*E. W. Eastman*, for the appellants.

*H. C. Henderson* and *T. Brown*, for the appellee.

WRIGHT, C. J.—It is urged that the answer of defendants, is not overcome by the testimony of two witnesses; that plaintiffs did not prove their claim; and that no consideration is shown for the execution of the mortgage. To all this, the answer is, that the defendants admit, by their pleadings, the execution of the mortgage and note, and they do not pretend to deny that the amount claimed in the petition is due and owing. There was, therefore, nothing for the plaintiff to prove, for their case was admitted. That the mortgage was given to secure a debt previously contracted, would not invalidate it. Nor does it make any difference that it was given by Hobart and wife, to secure the debt of the firm of which he was a member. 2 Hilliard on Mort., ch. 40, 338.

It is further objected, that the petition asks a judgment on the note, and a foreclosure of the mortgage, in the same action; and that thus there is a "union of law and equity in one proceeding." The answer is, that there is no such union, and that the judgment prayed for is authorized by the express language of the Code. Section 2084. The final adjudication was formerly called a decree; under the Code, it is called a judgment; but the substance and essence of the proceeding remains the same.

What is said in *Sands* v. *Wood*, 1 Iowa, 263, upon this subject, and which has been referred to by counsel, was thought necessary, by the writer of the opinion, under the peculiar circumstances of the case—it being a proceeding against the assignor, as also the mortgagor and maker of the note. It was not intended, by any means, to hold that a party could not ask and obtain a judgment in the same pro-

ceeding, against the maker for the amount found due on the note, and for the foreclosure of the mortgage. The difficulty in the mind of the writer was, that Wood was a party, who was indorser only, and that the claim against him was at law; and so presented the idea of a claim against him and Thompson on the note alone, and also one on Thompson only, on the mortgage—that is, the mortgage with its attendant note. The present case asks judgment against all the makers of the note, and a foreclosure of the mortgage given by one of them, to secure it. To this, there is no objection.

Judgment affirmed.