### The State of Iowa *v*. Williams.

An affidavit for a continuance, on the ground of the absence of a witness, which does not show that the facts expected to be proved by the witness, are material and relevant, nor that the defendant knows no other witness by whom the same facts can be so fully proved, is insufficient.

An indictment under section 2634 of the Code, for having in possession false money, or coin counterfeited in the similitude of coin current in the state of Iowa, &c., need not allege that the coin was counterfeited in the similitude of the current coin of the United States; nor is it necessary to aver that the counterfeit coin was of any value.

Under an indictment for having in possession false money, or coin counterfeited in the similitude of coin current in the state, &c., it is not necessary for the jury, by their verdict, to find more than that the defendant is guilty as charged in the indictment; and where they do more, and there is any valid objection to their finding, it may be rejected by the court, and judgment rendered on the verdict of guilty.

### *Appeal from the Lee District Court.*

### Saturday, June 11.

The defendant was indicted for unlawfully having in his possession, at the same time, twenty pieces of false money and coin, counterfeited in the similitude of silver coin, current by law and usage in the state of Iowa. The indictment averred, that of said false and counterfeit coin, ten

pieces were of the denomination of half dollars, and ten pieces were of the denomination of quarter dollars; that the said defendant knew at the time, that said coin was false and counterfeit; and that he had the same in his possession, with intent to utter and pass the same as true and current coin. The defendant demurred to the indictment, for the following reasons:

1. The indictment does not set forth, that defendant had in his possession, any coin in the similitude of coin of the United States.

2. The indictment does not describe any coin known to the laws of Iowa.

3. The indictment does not set forth the value of the coin counterfeited.

4. The indictment does not charge that defendant had the counterfeit coin, knowing the same to be counterfeit, and intending to pass the same, knowing the same to be counterfeit.

This demurrer was overruled, and the defendant pleaded not guilty. He then filed an affidavit for a continuance, alleging that he could not safely go to trial without the testimony of one R. Munn, who resides somewhere in the state of Illinois; that he expected to prove, by said witness, that at the Western hotel, in the city of Keokuk, he got a ten dollar gold piece changed, by a person there, who was a stranger to him; that at the time it was changed, he was under the influence of liquor; that the silver money which he got in change, was the identical money that was taken from him by the officers, when he was arrested; that he has been arrested about four weeks, and has been in prison ever since his arrest; that he has not been allowed to write to said Munn, since he was placed in jail; and that he believes he can obtain the deposition of said witness before the next term of court. The motion for a continuance was overruled, and the defendant being put upon his trial, the jury rendered a verdict as follows: "We, the jury, find the defendant guilty as charged in the indictment; and we find that

the defendant had in his possession at the time, thirteen pieces of false and counterfeit money, in the similitude of silver coin, current in the state of Iowa, knowing the same to be false and counterfeit, and with the intent to pass the same as true." The defendant was sentenced to the penitentiary for the term of ten years.

*John M. Beck*, for the appellant.

*S. A. Rice*, (Attorney General), for the state.

STOCKTON, J.—1. The motion for a continuance was properly overruled. The affidavit of defendant in support of the motion, did not make out a good cause for a continuance. It is not shown, that the facts expected to be proved by the witness, were material, or relevant; nor is it shown that defendant knew of no other witness, by whom the same facts could be fully proved. It was necessary for the defendant to connect the testimony, expected to be given by the absent witness, with the offense with which the defendant was charged.

2. The demurrer to the indictment was for the reason, 1. That the same did not set forth that defendant had in his possession, any coin counterfeited in the similitude of the current coin of the United States, and that the same does not describe any coin known to the laws of Iowa. Under our statute, the crime with which the defendant was charged, was that of " having in his possession, at the same time, pieces of false money, or coin counterfeited in the similitude of silver coin, current by law and usage in the state of Iowa, knowing the same to be false and counterfeit, and with intent to pass the same as true." Code, section 2634. It was sufficient, therefore, to charge the defendant in the language of the statute. If the coin was counterfeited in the similitude of coin current, by usage, in the state of Iowa, the offense is sufficiently described. It was not necessary to charge that the coin was counterfeited in the similitude of the current coin of the United States.

3. It was not necessary that the indictment should charge that the counterfeit coin was of any value. It is sufficiently alleged, that ten of the pieces of counterfeit coin were of the denomination of half dollars, and a like number of the denomination of quarter dollars.

4. We think it is sufficiently alleged, that the defendant had the counterfeit coin in his possession, knowing the same to be counterfeit, and intending to pass the same as true coin.

5. The defendant further assigns for error, that the verdict of the jury was not such as to authorize the judgment of the court, and that it does not show the defendant guilty of any crime known to the laws of Iowa. The jury found " the defendant guilty, as charged in the indictment, and that he had in his possession, at the time, thirteen pieces of false and counterfeit money, in the similitude of silver coin, current in the state of Iowa, knowing the same to be false and counterfeit, and with intent to pass the same as true." It was not necessary for the jury, by their verdict, to find more than that the defendant was guilty, as charged in the indictment. If there was any valid objection to the remainder of their finding, it was in the discretion of the court to reject the same, and render judgment on the verdict of guilty.

Judgment affirmed.