Ayres v. Campbell, et al.

AYRES v. CAMPBELL, et al.

1. LEVY: NOTICE. The statute does not require notice, to the execution defendant, of an execution or levy. The law presumes that he has notice that judgment has been rendered against him, and of all steps taken to enforce the collection thereof.

2. CERTIFICATE OF SALE: ASSIGNMENT. The assignee of a certificate of sale on execution, takes it subject to any notice or equities that would bind the assignor.

3. DECREE ON BILL AND ANSWER. When the allegations of the bill are

denied by the answer and are unsupported by evidence, the bill should be dismissed.

4. ANSWER: PRIVITY. *Quere,* Whether the relation between the sheriff and the execution plaintiff, creates such a privity between them as to render an answer in chancery by the former binding against the latter, when they are co-defendants.

5. *Cavender* v. *The Heirs of Smith,* 1 Iowa 307, cited and re-affirmed.

## *Appeal from Polk District Court.*

### MONDAY, JUNE 27.

BILL IN EQUITY.—The petition represents that one Arnold Winchester recovered a judgment against the complainant, in the District Court held in Warren county, for about fifty dollars, in June, 1854. In August of the same year, an execution was issued and levied upon a certain tract of land of forty acres, in Polk county, which the sheriff, McHenry, advertised and offered for sale, but did not sell, for the want of bidders. In December, 1854, another execution was issued, and was levied upon another and different tract of land of forty acres, also in Polk county. Both the parcels so levied upon, were the property of the petitioner at the time of the levy on them respectively. In February, 1855, the second tract was sold by the sheriff at public sale, to Curtis Bates, for the sum of $81,15, and in January, 1856, Bates assigned his certificate of purchase to James Campbell, for $81,15, to whom the sheriff made a deed, in April, 1856. In July, 1856, the petitioner tendered to Campbell the sum of $92,75, the amount he paid, with ten per cent interest, for the redemption of the land from the aforesaid sale. The complainant alleges that he had no notice nor knowledge of such second execution and levy, and that as soon as he obtained knowledge thereof, and of the sale, he made the above mentioned tender, which Campbell refused to receive, and expressly avers that he had not knowledge of such sale until the year allowed for redemption had expired. He further represents that the land was worth one hundred dollars per acre, and avers that there was collusion between the sheriff, McHenry, Campbell and Bates, which latter was the attor-

ney of Winchester, in the recovery of the judgment and in the proceedings.

The complainant also shows that the judgment was recovered in Warren county, from which county the executions issued, whilst he was, during all the proceedings, a resident in Polk county, and avers that during all the time, he had sufficient personal property not exempt from judicial sale, to pay his debts.

He charges that Winchester, the judgment creditor, had left the country, and Bates was his attorney, and as such, ordered out the executions, attended the sales, and bid off the land, and had full knowledge of all the circumstances of the case. He charges that Campbell had knowledge of all these facts, at the time he purchased of Bates. He requires the defendants to answer, but not under oath, and prays that the deed from the sheriff be declared null and void, and be set aside, upon the payment by petitioner to Campbell of the amount which he paid with interest, which he brings into court.

The defendants answer severally. Campbell says he had no knowledge of the first alleged execution, nor of any other levy than that under which the sale was made; that he purchased of Bates, in good faith, and paid more than the amount due on the certificate, but does not state how much; and that he does not know whether the sheriff served the second execution on complainant, nor whether he had notice of it. He denies fraud and collusion, but makes no further denial than is here stated.

The respondent Bates answers, denying that two executions were issued on the judgment; he admits his purchase of the land, and that he sold his certificate to Campbell, which sale was for more than the amount of purchase money; and that the sheriff executed a deed to Campbell after the time for redemption had expired; and admits that he was the attorney of Winchester in the suit upon which the judgment was obtained, under which the land was sold. He denies collusion, and "each allegation in the petition not herein admitted."

The defendant McHenry admits both the executions and levies; says that the land first levied on, was not sold for want of bidders; that in December a second execution came into his hands, and Ayres failing to satisfy it, and having sold the land which had been previously offered for sale on a former execution, and conveyed the same away by warranty deed, the last execution was consequently levied upon the second tract, which he describes; that Bates was the purchaser, and he received the sheriff's certificate about the 24th of February, 1855; and that he has no knowledge of the assignment of the certificate, nor of the deed made by the deputy sheriff. (It was a deputy sheriff that made the sale, though the sheriff is made party to this suit.) He denies that the last execution was not served on plaintiff, and that the land was worth $100 per acre, and that Ayres had no knowledge of such execution until after a year from sale; denies fraud and collusion; and admits that Winchester had left the country, and that Bates acted as his attorney in the suit, but does not know that he did so in bidding off the land.

The record says the cause came on to be heard upon the petition and the separate answers of the respondents, but the transcript contains the deposition of Benjamin Bryant, the deputy sheriff, who held the executions and made the sale. This witness gave no testimony of any consequence. It would seem that the intention had been, to prove by him, merely, that notice was served on the defendant, of the issuance and levy of the supposed second execution. On the 18th of June, 1857, the court decreed that the equities of the cause were with the defendants, and ordered that the bill be dismissed. The complainant appeals.

*Jewett & Hull,* and *M. M. Crocker,* for the appellant.

*Curtis Bates,* for the appellees.

WOODWARD, J.—There is no provision of the statute requiring notice of an execution, or of a levy, to be served on a defendant. The law leaves him to ascertain these things

at his peril, assuming that he will know when a judgment is recovered against him, and will take notice of what will follow thereon.

The petitioner seeks to set aside the sale on two grounds. The first, is, that the land was sold for a greatly inadequate price, and that there was collusion, &c.  Upon the subject of inadequacy of price, we refer to what is said in *Cavender* v. *Heirs of Smith*, 1 Iowa, 307–355.  But the principal difficulty on the part of the complainant is, that he has introduced no evidence whatever on the subject.  His averments are not admitted by the defendants, and there is no evidence sustaining them.

There are circumstances alleged by the petitioner, which might probably present a ground for equitable relief, if they were sustained by proof.  It is averred that a prior execution had been issued and levied upon another tract of land, which levy had not been disposed of, when the second execution was issued and levied upon the tract now in question. This is the second ground upon which relief is sought.  The complainant waived the oath to the answers of the respondents, and they accepted the waiver, and answered without adding the *jurat*.  McHenry admits the existence of two executions and levies, but Bates denies them.  The petitioner offers no proof to sustain his averments.  Campbell claims under Bates, and professes ignorance upon the matter.  He would be bound, as we think, by any thing which would bind Bates, and Bates would be held, if it were merely a question of notice.  But it is not this.  It is a question of fact, and Bates denies.  Now there is nothing to meet this denial, nothing to approve the alleged fact, against Bates, unless the answer of McHenry may be received against him.  On the former hearing of the case, we viewed it more as a question of notice only, and so far as fact was in question, it was thought that the answer of McHenry could be received against Bates.  But upon a reconsideration of the case, we are satisfied that it does not depend upon notice alone, but upon fact, and that the answer of McHenry cannot be taken to

prove it against Bates.   An answer, to be thus used, must be under oath.   1 Greenleaf on Ev. sections 178, 181, and notes and authorities.

And it is doubtful whether the relation between the sheriff and the execution plaintiff, creates such a privity as to authorize the answer of the former to be taken against the latter.   Greenl. *supra*.   Part 2d of Cow. & H. notes to Phil. Ev. 54 and 56, where the question is discussed, and the authorities collected.   This point is not determined absolutely now, because it is sufficient that the answer proposed to be used in evidence, is not made under oath.

The complainant, therefore, not having supported the material averments of his bill, by offering any evidence, it is considered that the petition is not sustained, and that the equities of the case are with respondents; and it is ordered that the decree heretofore entered in this court, herein, be set aside, and that the decree of the District Court be affirmed.

---

GENERAL NOTE.   *The State of Iowa* v. *Williams*, 8 Iowa 533, was followed by the court in *The State of Iowa* v. *Martin*, decided at the present term.   The judgments of the court below, in *Acker* v. *McGravey, Utter* v. *Smith*, and *Miller* v. *Vanander*, from the Dubuque District Court, were reversed, in an opinion by WRIGHT, C. J. following *Kramer* v. *Rebman*, *ante*; *Cooley* v. *Hobart*, 8 Iowa 358; and *Duncan* v. *Hobart*, Ib. 337.   These cases being merely cumulative, are not reported at length.