## STATE VS. ANSON.

*Sec. 8, ch.* 180, *R. S.—Certifying to supreme court questions of law in criminal cases.*

1.   The true intent of sec. 8, ch. 180, R. S. (which provides for certifying up to this court any question of law which may have arisen on the trial of a person convicted of a crime, and which, in the opinion of the circuit judge, may be so important or doubtful as to require the decision of the supreme court), is that the

circuit judge shall report definitely the exact question or questions on which the opinion of this court is required, and shall not send up the whole record of the trial, with all the exceptions taken, for this court to review.

2. The whole of a voluminous record, abounding in exceptions, having been sent up with a certificate that the circuit judge "is of opinion that the questions of law ruled in the case are so important as to require the decision of the supreme .court thereon," this court declines to give an opinion upon any of those questions, and orders the papers to be returned to the court below for further action.

CERTIFIED from the Circuit Court for *Jefferson* County.

DOWNER, J.   The defendant was indicted for an assault with intent to murder, tried and found guilty by the jury.   The evidence given at the trial, with the decisions of the court ruling out or in testimony, and exceptions to such rulings, also seven instructions asked by the defendant and refused, with exceptions to each of such refusals, and half a dozen pages of instructions given, with exceptions to the whole and each thereof, are reported to this court by the circuit judge who tried the case, as follows: "And the court being of opinion that the questions of law ruled in this case are so important as to require the decision of the supreme court thereon, the case is hereby certified, including the foregoing rulings of law, to said court for their decision thereon."   We suppose this report was intended to be made in pursuance of the provisions of sec. 8, chap. 180, R. S., which provides that "if upon the trial of any person who shall be convicted in said circuit court, any question of law shall arise which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court, he shall, if the defendant desire it, or consent thereto, report the case so far as may be necessary to present the question of law arising therein," &c.

What particular question or questions of law the circuit judge deemed so important as to require the decision of this court, we are not informed.   It can hardly be expected that we should go through the entire record, and pass upon every question raised in the court below.   And no one on behalf of

the defendant has appeared here to question in any respect the correctness of the rulings of the circuit court.

The statute requires that the circuit judge should report *the question of law* which, in his opinion, was so important or doubtful as to require the decision of this court. There can be no doubt as to what the practice should be under this statute. It was not the intention of the legislature that this court, on such a report, should review the whole case, or pass upon any question or questions but those specific questions of law which the circuit judge has certified up to us as in his opinion so important or doubtful as to require the opinion of the supreme court. He should therefore state specifically and clearly such question or questions of law, so that we may consider those questions, and those *only*. We are not to grope our way through a voluminous record in the dark, and examine the scores of questions raised in the court below, to see whether that court has not erroneously decided some one of them. If it has, it is doubtful whether we have any jurisdiction, on such report, to so decide, unless the circuit judge has reported it to us as a question of law which in his opinion is so important or so doubtful as to require the opinion of this court.

*By the Court.*—For the want of a report such as the statute requires, this court declines to give any opinion upon any of the questions raised in the court below, and orders the original papers in the case to be returned to the circuit court, with a certified copy of this opinion, so that that court can take such further action as it ought or might have taken before the report to this court; and the defendant must be committed to the jail of Jefferson county, to await the further action of the circuit court.