## STATE vs. HILL.

CRIMINAL LAW: FORGERY: (2.) *Sufficiency of indictment.* (3-5.) *Evidence.* (6-7.) *Effect of verdict of guilty as to a part only of the counts of the indictment.*

PROMISSORY NOTE: (1.) *Not void for want of stamp.*

1. A draft, note or other instrument required by the act of Congress to be stamped, is not void for want of a stamp, but is valid, unless the

omission is shown to have been fraudulent. *Rheinstrom v. Cone*, 26 Wis., *163*; *Grant v. Conn. Mut. Life Ins. Co.*,and *Timp v. Dockham*, 29 Wis., followed.

2. In an indictment or information for forgery, it is sufficient to set forth the purport of the instrument charged to have been forged (Laws of 1871, ch. 137, sec. 14; Tay. Stats., 1932, § 29); and the information in this case is *held* sufficient in this respect.

3. Evidence having been given for the accused (who was named as payee in the note charged to have been forged), that the prosecuting witness (whose name is signed as maker) did in fact sign it at a certain interview between the parties, and that the consideration therefor was defendant's promise to aid such witness in procuring payment of a disputed claim against an insurance company, the state was entitled to show what was said and done at that interview.

4. The state was also entitled to show that in previous conversations between them, defendant had demanded, and such witness had refused to pay for such services, a much less sum than the face of the note.

5. But it was error to admit evidence for the state, in respect to such previous conversations, to show facts which (while they tended to prejudice the jury against the accused), had no bearing on the question whether such witness executed said note; as, for example, the facts that the accused had influence with the insurance company, and though he believed said claim not to be just, proposed to use his influence to induce the company to pay it, concealing the fact that he was acting as agent for the claimant.

6. Where a verdict finds the accused " guilty " as to some of the counts in an indictment or information, and is silent as to the others, it is equivalent to a verdict of " not guilty " as to them.

7. The accused, being entilted to a new trial, can be tried only upon the counts upon which he was found guilty. *State v. Martin, ante*, p. 216, followed.

REPORTED from the Circuit Court for *Columbia* County.* The opinion states the case.

*The Attorney General*, for the state.

*G. I. Cox* (with *S. U. Pinney*, of counsel),. for defendant, argued, among other things, that the record did not sustain the conviction, in that the verdict was defective and incomplete. The accused, having pleaded not guilty to all the counts, and having gone to trial, was entitled to a verdict or deliverance on all the

*The case also came up on exceptions.

matters charged. But upon the counts charging him with forgery, being an offense for which a different punishment is prescribed than for uttering, there was no finding, and upon a verdict thus incomplete, no sentence could be given. *State v. Sutton,* 4 Gill, 494; *Wilson v. State,* 20 Ohio, 26; *Hurley v. State,* 6 Ohio, 399, 404.

LYON, J. This case comes here upon exceptions duly taken and allowed at the trial, pursuant to the statute. Tayl. Stats., 1945, (ch. 180, R. S.) §§ 7, 9 and 10. The circuit judge has also made a report, pursuant to sec. 8 of the same chapter, submitting, for the decision of this court, a single question of law.

Were the case here upon the report alone, it is very doubtful whether this court would have any authority to decide any question therein, except the one which the circuit judge has reported to be, in his opinion, "so important or so doubtful as to require the decision of the supreme court." *State v. Anson,* 20 Wis., 651. But inasmuch as the case is here upon exceptions also, our power as well as our duty to pass upon all of the exceptions which appear by the record, or upon such of them as are material to a proper disposition of the case, is indisputable.

The defendant was tried in the circuit court upon an information charging him, in three counts thereof, with having forged a certain promissory note therein described; and in two counts, with having uttered as true the said forged note, knowing it to be forged. There is no averment in either count of the information, that the forged note was stamped with a United States revenue stamp.

The verdict finds the defendant guilty on the two counts charging him with having uttered the forged note, but is silent as to the counts charging the forgery.

I. The first question to be considered is, whether the omission from the information of an averment that the forged note was duly stamped, is fatal to the information. This is

the question submitted to us for decision in the report of the circuit judge, and it is also presented by due exceptions taken by the defendant on the trial.

No lengthy discussion of this question is necessary. In *John v. The State*, 23 Wis., 504, it was held that an indictment was bad which charged the forging of a draft, and purported to set out the draft in full, but did not contain an averment that the same was stamped. This decision is founded on the assumption that an unstamped draft is void under the act of congress. But we have had occasion to review that decision in three cases which have since been before us, and, following and adopting the doctrine of many adjudged cases in the state and federal courts, we have reached the conclusion that an unstamped draft, note or other instrument which the act of congress requires to be stamped, is not void for want of a stamp, but is a valid instrument, unless it shall be made to appear by evidence that the stamp was fraudulently omitted; and that, therefore, the case of *John v. The State* was erroneously decided. *Rheinstrom v. Cone*, 26 Wis., 163; *Grant v. The Connecticut Mutual Life Insurance Company*, 29 id.; *Timp v. Dockham*, 29 id., and the authorities cited in these several cases. In the present case the alleged forged note was introduced on the trial, and was duly stamped.

We conclude, therefore, that the information is not bad by reason of the omission of an averment that the note was stamped, and so advise the circuit court.

II.    We are of the opinion that the several counts of the information sufficiently describe the note, and that there is no material variance between the information and the proofs in this respect. As the law now is, it is sufficient to set forth the purport of the instrument, and this appears to have been done in this information. Tayl. Stats. 1932 § 29. (General Laws of 1871, Ch. 137, Sec. 14.) It is deemed unnecessary to set out the information in full.

III.    The testimony shows that the prosecuting witness, whose

name is signed to the alleged forged note, and the defendant, who is named as payee therein, had an interview at the house of the defendant's father, in September, 1870 — probably on the 13th day of that month — in the evening. The testimony on the part of the defendant tends to show that the former executed the note, which purports to be for $235, on that occasion, and that the consideration therefor was, that the defendant should aid him in procuring payment of a disputed claim which he had against the Madison Mutual Insurance Company for a loss by fire. The testimony for the state tended to show that the prosecuting witness did not execute such note, but that at the interview just mentioned, he gave the defendant an agreement in writing to pay him $35, when the insurance company should pay his claim. Much testimony was given on both sides, and properly so, concerning what transpired at that interview.

But the state was permitted, against the objection of the defendant, to give testimony of several previous conversations between the same parties, concerning the collection of such claim from the insurance company. Such testimony tends to show that the prosecuting witness at first declined to give, or at least, was reluctant to give, the defendant fifty dollars for such services and his expenses; that he at first refused to give any writing therefor; and that the defendant estimated his expenses and the value of his time while engaged in rendering such services at fifty dollars or less. Thus far the testimony of those conversations was admissible, because those facts have a direct bearing upon the main question in the case, as to whether the prosecuting witness executed the note alleged to be a forged note. The testimony, however, did not stop here, but includes long conversations, which were not competent to be proved on the trial of the issue in the case, and which might have prejudiced, and which probably did prejudice the defendant in the estimation of the jury. For example, such testimony tended to prove that the defendant had influence with the officers of the

State vs. Hill.

insurance company, and proposed to use that influence to induce the company to pay the claim of the prosecuting witness, concealing from the company the fact that he was in the employ of the claimant, while at the same time he strongly intimates his opinion that the claim is not a just one. It is clear that such testimony as this, and there is much more of it, does not tend to prove the charge in the information; and it is also clear that it might have injured the defendant in the estimation of the jury. It should have been rejected. After the state had given such portions of those previous conversations as were competent testimony, then, by a familiar rule of evidence, the defendant had the right to the whole conversations, whether material to the issue or not; but it was a material and fatal error to give the state that right in the first instance.

It is claimed by the attorney general that the defendant, by giving some testimony relating to those conversations, opened the door for the admission of the whole thereof on behalf of the state. We have examined the bill of exceptions with care, and we find no testimony called out by the defendant, or given in his behalf, which should be held to operate, as claimed, to admit this incompetent and damaging testimony on behalf of the state.

IV. It has already been stated that the jury did not find expressly whether the defendant is guilty or not guilty of the charge of forgery contained in three counts of the information, but that their verdict was silent in respect thereto.

The question arises, is this a partial verdict upon which no lawful judgment can be rendered? Or is the verdict equivalent to an express acquittal of the defendant on the counts charging him with the crime of forgery?

We have not deemed it necessary to examine, to any considerable extent, the English cases on this subject, but it seems by the opinion of the court of King's Bench in *The King v. Hayes*, decided in 1727 (2 Raymond, 1518), that the ancient rule of law was, that no judgment could be rendered on such a ver-

dict. On the authority of a single case cited from 1 Anderson, 103, both Hawkins and Chitty state that it has been adjudged that (using the language of Mr. Chitty when speaking of a verdict which acquits of a higher offense, and convicts of an inferior one), "if it merely find the defendant guilty of the inferior offense, it will be of no avail." The learned author, however, immediately adds: "But there are so many instances in which a verdict, *taking no notice of the aggravation*, has been regarded as sufficient, that it does not seem to be necessary at the present day." 1 Chitty's Crim. Law, 641 ; 2 Hawkins' Pleas of the Crown, Chap. 47, § 5. (Lib. Ed. p. 620.)

On the foregoing authorities, the court of appeals of Maryland held that where the jury returned a verdict of guilty on one count in an indictment containing two counts, but found nothing as to the other count, the verdict should be set aside and a new trial ordered. *State v. Sutton*, 4 Gill, 494. Previously to the decision in Maryland, the court of appeals of South Carolina held the same doctrine. But the court were divided on the question, and no authorities in support of the decision are referred to in the report of the case. *State v. Commissioners, etc.*, 3 Hill, 239.

But the cases in this country are quite numerous which hold that a verdict which finds a defendant guilty upon a part only of the counts in an indictment or information containing several counts, and is silent as to the other counts, is equivalent to a verdict of not guilty upon such other counts, and must be so regarded. The following are some of the cases which uphold this doctrine: *Girts v. The Commonwealth*, 22 Penn. St. R. (10 Harris), 351 ; *State v. Kittle*, 2 Tyler, Vt., 471 ; *Stoltz v. The People*, 4 Scammon, 168 ; *Swinney v. The State*, Sm. & Mar., 576 ; *Morris v. The State*, id., 762 ; *State v. Ball*, 6 Mo., 324 ; *Weinzorpflin v. The State*, 7 Blackf., 186 ; *State v. Phinney*, 42 Maine, 384 ; *Guenther v. The People*, 24 N. Y., 100 ; *Stephen v. The State*, 11 Geo., 225 ; *Hayworth v. The State*, 14 Ind., 590.

State vs. Hill.

The principle upon which these cases were decided, commends itself to our judgment as a sound one, and we unhesitatingly adopt it as the law of this case, although it is quite probable that other cases may be found which assert a different doctrine. It follows, therefore, that the defendant has been acquitted of the charge contained in three counts of the information, of forging the note therein described.

It was held by this court, in the case of *The State v. Martin*, *ante*, p. 216, on an indictment for murder, where the jury found the defendant not guilty of murder, but guilty of one of the degrees of manslaughter, and a new trial was granted, that the defendant could not be again put upon trial for a higher offense than that of which he was convicted upon the first trial. The principle there decided is applicable to this cause, and the defendant can only be tried for uttering the alleged forged note as true.

V. It is quite unnecessary to consider the other exceptions. It may be proper to remark, however, that in the charge of the learned circuit judge to the jury, he omitted, when defining the crime of uttering a forged instrument, to mention the *scienter* as an ingredient necessary to constitute the crime. That is to say, he omitted to do so in one portion of his charge, although he mentions it in another connection as an element, the existence of which was essential to constitute the crime charged. The omission was doubtless entirely inadvertent, and was evidently not observed at the time by either court or counsel. It is mentioned here merely for the purpose of calling the attention of the court to it, to the end that when the case is again tried, the charge in that particular may be corrected.

The case must be remanded to the circuit court, with directions to set aside the verdict and grant a new trial upon those counts of the information on which the defendant was convicted.

*By the Court.*— So ordered.