THE STATE vs. JENKINS.

*May 8 — May 15, 1884.*

CRIMINAL LAW AND PRACTICE.  *(1) Verdict held to be general.  (2)
Questions how reported to supreme court.  (3, 4) Amendment of
information.*

1. A verdict, "We, the jury, . . . find the defendant guilty *of
receiving stolen money, goods, and chattels,* in manner and form
as charged in the information," is a general verdict, and is suffi-
cient.
2. When a criminal cause is reported to this court under sec. 4721,
R. S., the questions of law to be determined must be specifically
stated. A question asking generally whether there was error in
refusing a number of instructions to the jury, cannot be an-
swered.
3. The failure, in an information for receiving stolen goods, to aver
who stole the property or to negative knowledge on that subject,
may be remedied by amendment.
4. A proper amendment of the information may be directed by the
trial judge upon his own motion.

REPORTED from the Circuit Court for *Grant* County.

The defendant was tried on an information charging him
with the crime of receiving stolen property, knowing it to
have been stolen, and was convicted. Pending motions in
arrest of judgment and for a new trial, the circuit judge
reported the case to this court for its opinion on certain
questions of law hereinafter stated.

The information was in due form, except that in the pre-
liminary statement of the larceny there is a failure to aver
who stole the property, or to negative knowledge thereof.

At the opening of the trial the defendant moved that the
prosecution be required to elect on which count of the in-
formation it would proceed. The motion was granted, and
the district attorney elected to proceed upon the second
count. Thus, both counsel and court treated the preliminary
averment that a larceny had been committed, as a separate

count in the information. During the trial, the court, of its own motion, directed the information to be amended by redrawing the alleged second count, inserting therein averments of ownership and value as specific as the same were averred in the alleged first count. This amendment was manifestly ordered on the theory that the former ruling had, in effect, expunged the so-called first count from the information. The amendment was made accordingly, and it is stated in the amended information that the larceny was committed by some unknown person.

The court refused to give sixteen instructions asked on behalf of the defendant, relating to a variety of subjects. These are founded upon the assumed presence or absence of testimony on those subjects, and involve many questions of law.

The verdict is as follows: "We, the jury in the above-entitled action, find the defendant guilty of receiving stolen money, goods, and chattels, in manner and form as charged in the information."

The questions submitted to this court are:

" 1. Can any judgment be pronounced or rendered upon said verdict?

" 2. Did the court err in so refusing such charges asked to the jury by the defendant as were refused?

" 3. Was said count of said information, upon which said defendant was tried, properly so amended, or was it sufficient without such amendment?

" 4. If said motion in arrest of judgment should be granted, then can the defendant properly be tried again for said offense charged against him?"

The cause was submitted for the defendant on the brief of *Bushnell & Watkins*, and for the state on the brief of the *Attorney General* and *Brooks & Dutcher*.

For the defendant it was contended, *inter alia*, that the verdict as rendered was a special verdict finding only that

the defendant received stolen goods, and not that he knew they were stolen. The jury has a right in all criminal cases to find a special verdict; and when they do so all the circumstances essential to sustain the indictment must be expressly found; the court can supply nothing by intendment or implication. 1 Bishop's Cr. Proc., sec. 1006; 1 Archb. Cr. Pr. & Pl. (6th ed.), 176, 178; 1 Chitty's Cr. Law, 644; Bacon's Abr:, Verdict, D.; *Sullivan v. State*, 44 Wis., 595; *McEntee v. State*, 24 id., 43.

Lyon, J. 1. The verdict is general, and is not limited by the insertion therein of the words "of receiving stolen money, goods, and chattels." They were used to express, in general terms, the offense charged in the information, and it would be absurd to give them the effect of eliminating from the verdict an essential ingredient of that offense. The words were unnecessary in the verdict. They neither add to nor detract therefrom. By any reasonable or sensible construction the jury have found the defendant "guilty in manner and form as charged in the information." That is sufficient. The first question must be answered in the affirmative.

2. The second question has reference to sixteen instructions prayed on behalf of the defendant, which the court refused to give. A proper consideration of these (or, at least, most of them) renders it necessary that we should have all the testimony before us. There is no bill of exceptions here, and cannot properly be one on a report. Moreover, this is a summary proceeding to obtain, before judgment, a speedy decision by this court of important and doubtful questions of law arising on the trial, and such questions must be specifically stated. There are numerous questions of law involved in the instructions which the court refused to give the jury, and we are not informed by the report which of them the learned circuit judge deemed so important and doubtful as to require the decision of them

by this court. For these reasons we cannot properly answer the second question. *State v. Anson*, 20 Wis., 651; *State v. Rowan*, 35 Wis., 303. See, also, *State v. Hill*, 30 Wis., 416.

3. The original information contained but a single count. The first paragraph, which counsel on both sides seem to regard as a separate count, is nothing more than a statement of the fact essential in an information for receiving stolen property, that the property therein described had been stolen. Of course, there could be no felonious receiving of stolen property unless the same had been stolen, and it was necessary to aver the fact of stealing in order to charge the crime of receiving. In the statement of the larceny there is a failure to aver who stole the property, or to negative knowledge as to who was the thief. This is the only defect we discover in the original information, and the amendment thereto worked no change thereof, other than to supply that omission, which was probably purely clerical. We think the statute authorizes such an amendment, and that if the prosecuting counsel failed to discover the omission, it was proper for the court, without motion, to order the amendment made.

The law does not require the trial judge to sit as a mere figure-head in a criminal trial. It does not compel him to let the trial proceed, perhaps for days or even weeks, when he knows that, through some blunder in preparing the information, a conviction cannot be upheld. He may, in such a case, if the statute reaches the defect, direct an amendment, whether the district attorney asks leave to make it or not, and thus save the trial from being a useless and expensive waste of time.

To the third question, therefore, we answer that the information was properly amended.

4. The fourth question will not be answered, because the report fails to show any grounds for arresting judgment.

*By the Court.*— It will be certified to the circuit court that the questions submitted are answered as above.