## MEYER v. EVANS ET AL.

1. **Costs:** SECURITY FOR: IN ACTION TO TEST VALIDITY OF CLAIM AGAINST ESTATE OF INSOLVENT. In a proceeding under § 2121 of the Code, for the trial of exceptions by a party in interest to a claim or demand filed against the estate of an insolvent, the plaintiff, though a non-resident, cannot be required to give a bond for the security of costs.

2. **Chattel Mortgage:** CONSIDERATION: EVIDENCE. On consideration of the evidence, (see opinion,) *held* that the chattel mortgage assailed in this case was supported by a sufficient consideration.

3. ——: ——: RIGHT OF CLAIMANTS AFTER INSOLVENCY OF MORTGAGOR. A chattel mortgage made by one prior to his insolvency to secure a pre-existing debt is based upon a good and valid consideration, and binds the mortgagor; and a subsequent assignment by the mortgagor for the benefit of his creditors does not vest in the assignee, or in an unsecured creditor, any better right to the property than the mortgagor had when he made the assignment. The property in such case passes subject to the prior mortgage. *Flannigan v. Althouse*, 56 Iowa, 513, distinguished. See opinion for cases followed.

4. ——: RETENTION AND SALE OF CHATTELS AND USE OF PROCEEDS BY MORTGAGOR: MORTGAGE NOT VOID. The fact that the mortgagor of chattels retains possession of the property, and reserves the right to sell the same in the ordinary course of trade, and to apply the proceeds to his own use, does not render the mortgage fraudulent in law. See opinion for cases followed.

5. ——: ON STOCK OF GOODS: SALE TO MORTGAGOR ON MORTGAGEE'S ASSURANCE OF SOLVENCY: ESTOPPEL. Where J., a merchant, was indebted in a large amount to E., one of his salesmen, and a wholesale house was induced to sell to J., on credit, a bill of goods, upon representations made by E. as to his financial condition, and E. afterwards took a chattel mortgage on the stock to secure the debt of J. to him, and J. afterwards became insolvent, *held* that, in an action to set aside the mortgage, brought by another creditor of J., to whom E. had made no representations, E. was not estopped to assert the priority of his mortgage.

*Appeal from Marshall District Court.*

FRIDAY, APRIL 24.

ON the twenty-sixth day of March, 1883, J. S. Jones made an assignment of his property to Timothy Brown, Esq., for

the benefit of his creditors. Before making the assignment Jones was in business as a merchant, and the only property received by the assignee was the stock of merchandise which Jones had on hand, and the fixtures in the store-rooms occupied by him while in the business. On the twenty-third day of March preceding the assignment, Jones executed to defendant, J. E. Evans, a chattel mortgage covering said stock of merchandise and fixtures, to secure three promissory notes, amounting in the aggregate to $3,385.25. After the assignment Evans filed his claim for the amount of said notes, also claiming a lien on the property in the hands of the assignee, by virtue of said mortgage, superior to the claim of the other creditors of Jones, except King Bros. & Co., who, he admitted, had a chattel mortgage on the property superior to the one under which he claimed. Plaintiff thereupon filed his petition in the district court, in which he alleged that he was the owner of claims against Jones, amounting in the aggregate to $1,401.40, which had been filed with the assignee; also that the mortgage to Evans was executed without consideration; that Jones was not indebted to Evans in any amount whatever, and that the mortgage was made for the purpose of appropriating the property to Evans' use for Jones' benefit, and of hindering and delaying the creditors of Jones in the collection of their debts; also alleging that the several debts which constitute plaintiff's claim were contracted after the date when the indebtedness secured to Evans by the chattel mortgage purports to have been contracted, and that the parties who extended credit therefor to Jones were induced to do so by the representation of Evans that Jones was then solvent and not indebted more than $800, and that Evans is now estopped from asserting the priority of his mortgage. The prayer of the petition is that Evans' mortgage be canceled, and that he be denied participation in the distribution of the assets in the hands of the assignee. In his answer defendant Evans denied all allegations of the petition, except that of the execution of the mortgage and the filing of his claim.

The judgment of the district court grants to plaintiff the relief demanded in the petition. Defendant Evans appeals.

*J. L. Carney*, for appellant.

*J. H. Bradley*, for appellee.

REED, J.—I. At the first term after plaintiff's petition was filed, defendant appeared and filed a motion for security

**1. COSTS: security for: in action to test validity of claim against estate of insolvent.** for costs, which was supported by his own affidavit, stating that he had a good defense to plaintiff's claim, and that plaintiff was a non-resident of this state. This motion was over-ruled, and the ruling thereon is assigned as error. The petition is in form a petition in equity, and the proceeding seems to have been regarded by the parties and the court as an action in equity. The court made an order that the parties take their evidence by deposition, and the evidence was so taken, and the cause was tried in the manner prescribed by statute for the trial of equitable causes. It was, however, properly the proceeding prescribed by section 2121 of the Code for the trial of exceptions by a party in interest to a claim or demand filed against the estate of an insolvent, and we are of the opinion that the plaintiff, in that character of proceedings, cannot be required to give security for costs. The statute under which a non-resident plaintiff may be required to give security for costs (chapter 15, tit. 17, Code) has relation to the ordinary forms of action, and has no application to a proceeding of this character, which is merely incidental to the main proceeding for the settlement of the estate of the insolvent, and the distribution of its assets.

II. The first ground of exception against said chattel mortgage is that it is without consideration. Plaintiff claims

**2. CHATTEL mortgage: consideration: evidence.** that Jones was not indebted to defendant in any amount whatever, and that the mortgage was given solely for the purpose of covering the prop-

erty from Jones' creditors.    The evidence, we think, does not establish this claim.    Jones established himself in business in Marshalltown a few months before the mortgage was given, and defendant was in his employ as a clerk or sales-man.    They had resided in the same county in Kansas, and were acquaintances, and they went to Marshalltown at about the same time.    Jones went there for the purpose of estab-lishing himself in business, and it was understood between him and defendant, before they went there, that the latter would enter Jones' employment when the business should be opened.

Two of the notes which are secured by the chattel mort-gage bear dates within a few days of the time when the store was opened.    The aggregate amount of these notes is $3,210.25, and defendant's claim is that they were given for money loaned by him to Jones.    The third note bears date on the day before the mortgage was given.    It is for $275, and was given, as defendant claims, for money due him from Jones for his services in the business.    Defendant's salary was $75 per month, and plaintiff contends that the claim that he loaned to his employer the amount evidenced by the first two notes is incredible, and that it is not reasonable to suppose that a mere clerk, working on a salary which was barely sufficient to afford him a support, should have that amount of money to loan.    Both Jones and defendant swear, however, that defendant had the amount, and that he loaned it to Jones at the dates when the notes were given, and they are not contradicted by any direct testimony.    Witnesses who were acquainted with defendant while he lived in Kansas swear, it is true, that he was not understood to be a man of means, and that he did not, to their knowledge, have any such amount of money.    But defendant swears that he drew more than $2,400 from two banks in Kansas a short time before he went to Marshalltown.    Also that he received $2,000 from a party at St. Paul, Minnesota, within less than two months before the loans to Jones are alleged to have been

made. He gave the names and locations of the Kansas banks; also the name of the St. Paul party from whom he claims to have received the money; and if his statements in this respect are not true, it would have been an easy matter to show that fact. But no attempt was made to contradict his statements, and we are not at liberty to disregard them. We think, therefore, that the allegation that Jones was not indebted to defendant in the sum which the mortgage purports to secure, is not established by the evidence.

III. The debt secured by the mortgage was contracted before the giving of the security. There was no agreement

3. ——: ——: or understanding, when the debt was contracted, *right of claimants after insolvency of mortgagor.* that it should be secured by mortgage. Nor was there any agreement at the time the mortgage was given for an extension of the time of payment. Plaintiff contends, therefore, that, as defendant parted with nothing of value in the transaction, the mortgage is without consideration. If the mortgage was given in good faith, neither the assignee nor the creditors can assert any matter in defense against it which Jones could not have asserted if the assignment had not been made. They had no rights or equities in the property anterior to the assignment, and whatever rights or interests they now have in it are conferred by the deed of assignment. That instrument operated to vest in the assignee only such interest in the property as Jones had in it when it was executed, and the creditors, for whose benefit the assignment was made, can have no higher interest than that. Story, Eq. Jur., § 1228. If, therefore, the mortgage is valid as against Jones, it is valid also as against the assignee and the creditors. It was held by this court, in *Flannigan v. Althouse*, 56 Iowa, 513, that a mortgage given to secure an antecedent debt did not give the mortgagee an equity in the property superior to that of a creditor of a party who had made a fraudulent conveyance of the property to the mortgagor, the creditor having seized the property on

execution against the fraudulent grantors; and there are many cases holding that the mortgagee in such cases is not to be regarded as a purchaser for value as against one who has an equitable interest or right in the property anterior to the mortgage. See *Cary v. White*, 52 N. Y., 142; *Metropolitan Bank v. Godfrey*, 23 Ill., 579; 2 Pom. Eq. Jur., § 746, and authorities cited in the note.

But, conceding that the rule is as held by these authorities, that the mortgagee in such case does not acquire an equity in the property which he can assert as against one who had an equitable interest or right therein when the mortgage was given, or as against a subsequent purchaser for value without notice, it does not follow that the mortgage is invalid as between the parties to it, or as between the mortgagee and one who after its execution acquired from the mortgagor the interest in the property which then remained in him. As between the parties to the mortgage, the existence of the debt is sufficient consideration for the contract. If defendant and Jones had agreed upon a sale of the goods by the latter to the former in payment of the debt, it would hardly be contended that such agreement was not valid as between the parties. It would be supported, however, by no other consideration than that upon which the mortgage rests. It would be an agreement for the appropriation of the goods to the payment of an antecedent debt, while the mortgage is an agreement for their appropriation as security for the same debt. We think, therefore, that the mortgage is not invalid on this ground, and our conclusion is supported by the following cases, heretofore decided by this court: *Cooley v. Hobart*, 8 Iowa, 358; *Duncan v. Miller*, 64 Id., 223. See, also, *Babcock v. Jordan*, 24 Ind., 14; *Doolittle v. Cook*, 75 Ill., 354; Jones, Chat. Mortg., § 81.

IV. Jones retained possession of the property after the execution of the mortgage, and, by the terms of the instru-

*4 ——: retention and sale of chattels and use of proceeds by mortgagor: mortgage not void.* ment, he reserved the right to sell from the stock at retail, in the ordinary course of trade, and there was a parol understanding between him and defendant that he would keep up the stock, and that the expenses of carrying on the business should be paid out of the proceeds of the sales. There is no provision in the mortgage requiring the application of any portion of the proceeds of the sales by Jones, from the stock, to the satisfaction of the mortgage debt. Nor was there any parol agreement that they should be so applied. But, by the terms of the mortgage, defendant had the right at any time to take possession of the property, and sell the same for the satisfaction of the debt. It has often been held by this court that the fact that the mortgagor retains possession of the mortgaged property, and reserves the right to sell the same in the ordinary course of trade, and apply the proceeds to his own use, does not render the mortgage fraudulent in law. See *Hughes v. Cory*, 20 Iowa, 399; *Clark v. Hyman*, 55 Id., 14; *Sperry v. Ethridge*, 63 Id., 543; *Jaffray v. Greenbaum*, 64 Id., 492.

Plaintiff contends, however, that the mortgage in question was given with intent to hinder and delay the other creditors of Jones, and that it is fraudulent in fact. We deem it unnecessary to set out the evidence relied on to establish this allegation. We think it sufficient to say that we have examined it with care, and that it does not satisfy us that defendant was influenced, in accepting the mortgage, by any other motive or purpose than a desire to secure the debt due him.

V. The plea in estoppel is not established. Putting that construction on the evidence which is most favorable to *5. ——: on stock of goods : sale to mortgagor on mortgagee's assurance of solvency: estoppel.* plaintiff, it shows merely that one wholesale house was induced to sell a bill of goods to Jones on credit, by representations made by defendant as to his (Jones) financial condition. But it does not appear that the debt so contracted by Jones constitutes any part of the claim which plaintiff filed against

the estate. Defendant would be estopped to assert the priority of his mortgage against such parties only (or their assignees) as were induced to give credit to Jones by his representations, and as against such debts only as were given credit for on the same ground.

We reach the conclusion that the judgment of the district court is not sustained by the evidence in the case.

REVERSED.