[No. 8307.]

## WEST ET AL V. THE PEOPLE.

1. CRIMINAL LAW—*Confidence Game—Conspiracy.* Section 1783 of the Revised Statutes defines and declares two distinct offenses, the one to obtain money, and the other to attempt to obtain money, by any of the fraudulent practices therein denounced. The mere attempt to accomplish the prohibited result is as much a crime as if the criminal purpose had been consummated. And under Rev. Stat. sec. 1742 an agreement to so attempt is a felony.

The information charged that defendants did "conspire ⁎ ⁎ ⁎ to commit a felony," to-wit, "the feloniously, fraudulently, etc., attempting to obtain from, etc.," certain moneys specified, "by means of the confidence game." *Held* to aver, not a conspiracy to attempt a crime, but to actually commit one. (489, 490.)

2. —— *Instructions—Failure to Request.* Mere non-direction where no instruction is prayed is not error. (491.)

3. —— *Words of Meaning Generally Well Understood*, need not be explained, *e. g.* "attempt." (491.)

4. —— *Evidence—Implements of Crime*, of the character used to commit the crime charged in the information, found in the possession of the prisoner, may be exhibited in evidence against him. (491.)

5. —— *Cross-Examination of Witness.* A question which if answered in the affirmative may tend to discredit the witness is admissible. (492.)

6. —— *Presumptions.* The court of review, in such case, will not assume that the district attorney knew that the question would be answered in the negative, merely because he made no attempt to contradict the witness; nor will it be assumed that he was animated by any improper purpose. (492.)

7. —— *Verdict—Technical Formality Not Required.* A verdict is to be reasonably-construed, and should not be set aside unless necessity compels this result. Information for a conspiracy to attempt the obtaining of money by the confidence game. Verdict "guilty of conspiracy to obtain money

by the confidence game as charged in the fourth count.'' *Held* that the manifest purpose of the jury was to declare the prisoner guilty as charged, and in view of Rev. Stat. sec. 1986 judgment of conviction thereon was proper (492, 493.)

8. —— *Bills of Exception.* The provisions of the civil code relating to bills of exception have no application in criminal prosecutions. (494.)

*Error to Denver District Court.*  HON. CHAS. C. BUTLER, Judge.

Mr. HORACE G. BENSON, and Mr. HARRY S. SILVERSTEIN, for plaintiffs in error.

Hon. FRED FARRAR, Attorney General, WENDELL STEPHENS, RALPH E. C. KERWIN, Assistant Attorneys General, for The People.

GABBERT, C. J., delivered the opinion of the court.

The information filed against plaintiffs in error contained four counts. A motion to quash was overruled. At the conclusion of the testimony the court withdrew from the consideration of the jury the first three counts, and submitted the case to them on the fourth count, which, omitting the formal parts, charged that defendants "did unlawfully, maliciously and feloniously agree, conspire, confederate and co-operate with each other to commit a felony, which felony consisted in and was that of feloniously, fraudulently, designedly and knowingly attempting to obtain from U. G. Davis, ten thousand dollars in money, of the value of ten thousand dollars, of the moneys and personal property of the said U. G. Davis, by means and by use of the confidence game, contrary to the form of the statute in such case made and provided; and against the peace and dignity of the people of the State of Colorado."

On the verdict returned by the jury, judgment sentencing the plaintiffs in error to terms in the penitentiary was entered.

The motion to quash as directed to the fourth count

was based upon the ground that it did not charge an offense, and the action of the court in overruling it is assigned as error. In support of the motion it is urged that there is no such an offense as a conspiracy to attempt to commit a crime. The charge is not a conspiracy to attempt to commit a crime, but a conspiracy to commit a felony, and the simple question to determine is whether the information charges that plaintiffs in error conspired to commit an offense of that grade. Felony is a criminal offense punishable by imprisonment in the penitentiary. Sec. 4, article 18, Constitution. By the statute relating to confidence games, section 1783, Revised Statutes 1908, there are two distinct offenses, one to obtain money, and the other attempting to obtain money, by any of the means therein mentioned, each of which is punishable by imprisonment in the penitentiary. Section 1742, *ibid.*, provides in substance, that if two or more persons agree, conspire or co-operate to do, or aid in doing any unlawful act, each of the persons so offending shall be deemed guilty of a conspiracy, and in case such conspiracy is to commit a felony, the punishment prescribed is imprisonment in the penitentiary. The fourth count charges that plaintiffs in error conspired to commit a felony, by fraudulently, feloniously, designedly and knowingly attempting to obtain money from Davis by means of the confidence game, which under our statute is a felony; and they are not charged with conspiracy to attempt to commit a crime, but with conspiracy to commit a substantive offense. In other words, had they been charged by apt averments with the substantive offense of attempting to obtain money from Davis by means of the confidence game, the information would have been good, and so when they are charged with conspiracy to commit that offense, they stand charged with a conspiracy to commit a felony. The motion to quash the fourth count was properly overruled.

It is next urged that the court erred in not instructing the jury as to what constituted an attempt. An instruction

on this subject was not requested by counsel for plaintiffs in error. We have ruled many times that mere non-direction by the trial judge is not reversible error, unless a specific instruction, good in point of law, covering the omission was requested and refused. *Brown v. People,* 20 Colo. 161, 36 Pac. 1040; *Mow v. People,* 31 Colo. 351, 72 Pac. 1069; *McQueary v. People,* 48 Colo. 214, 110 Pac. 210. But it is claimed by counsel that the law required the jury to be advised what was meant by attempt, and the omission to do so was error. The court instructed the jury relative to the offense charged, as set out in the fourth count, that to constitute an offense under the confidence game statute it must appear the swindler attempted to obtain money from his victim, by false or bogus means, token, symbol or device, so that the jury were advised as to what constituted the essential elements of the crime of attempting to obtain money by means of the confidence game. Aside from this, "attempt" is of such general well understood meaning that its definition would be superfluous.

Counsel assign as error the admission in evidence of a blackboard, telephone and telegraph instruments, electric bells and attaching wires, taken from plaintiffs in error, without any instruction limiting the effect or the purpose for which the jury might consider such exhibits. No such instruction was requested, but this is not material because the exhibits were competent. The evidence discloses that it was a fake horse race by which plaintiffs in error attempted to obtain money from Davis. The evidence in question is of the character employed by confidence men in obtaining or attempting to obtain money from the unwary by inducing them to bet on fake horse races, and it is relevant to put in evidence any instruments or tools of crime in the defendant's possession, indicating preparations on his part to commit the offense with which he stands charged. Wharton's Criminal Evidence, sec. 799.

Error is also assigned upon the alleged misconduct of

the District Attorney in propounding questions to one of plaintiffs in error when upon the witness stand. With respect to one of the questions the court of its own motion ruled that a picture in a book, shown the witness, was not admissible. As to the other question counsel for plaintiffs in error concede it was proper, but claim it was prejudicial, because the District Attorney must have known he could not prove the fact which the question sought to elicit. The witness answered in the negative, and merely because the prosecution did not endeavor by other evidence to prove that the answer was not true (even if this course could have been pursued), when it is conceded the question was not objectionable, is not error. There is nothing in the record to indicate that the District Attorney was not acting in good faith, or that he knew the witness would answer no. If the question was proper, as is conceded, its purpose was to elicit a fact which would have tended to discredit the witness. This is permissible, and in the circumstances of this case, merely because the District Attorney did not succeed in obtaining an answer which would have discredited the witness, or have been material to any issue, in no sense amounts to misconduct.

The final question presented for consideration relates to the verdict, which is as follows: "We, the jury, find the defendants, John West and Frank W. Goodrich, guilty of conspiracy to obtain money by use of the confidence game, as charged in the fourth count of the information herein." Objection is urged to this verdict because it is not responsive to any issue submitted to the jury, in that it finds plaintiffs in error guilty of a conspiracy to obtain moneys by use of the confidence game, and not of any attempt to do so, and hence, it is urged that they were not found guilty of the offense charged, because of the omission of the word "attempt" after the word "conspiracy." The law does not require a verdict to be technical. It is to be reasonably construed, and should not be set aside unless from necessity.

The rational general rule to apply in construing a verdict is, does it show clearly and without any doubt the intention of the jury, and their findings on the issues presented to them. If it contains a finding not necessary it may be rejected as surplusage, unless such finding renders it uncertain or prejudices the rights of the defendant. *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228; Bishop's New Crim. Proc. sec. 1005a; *State v. Williams,* 8 Iowa 533; *State v. Ryan,* 13 Minn. 370, (Gil. 343) ; *State v. Jenkins,* 60 Wis. 599, 19 N. W. 406; *Wallace v. State,* 70 Tenn. (2 Lea.) 29; *Arnold v. State,* 51 Ga. 144. Section 1986, Revised Statutes, 1908, provides in substance that the judgment in a criminal cause shall not be reversed or affected by any defect in the proceedings which does not tend to prejudice the substantial rights of the defendant on the merits. If the jury by their verdict had simply found the defendants guilty as charged in the fourth count of the information, it would have been sufficient. That such was their intention is manifest from the fact that they found them guilty "by use of the confidence game as charged in the fourth count of the information," notwithstanding that preceding this finding the words "guilty of conspiracy to obtain money" appear in the verdict. These words were unnecessary, and they neither add to nor detract from the verdict. The gist of the offense as charged in the fourth count was a conspiracy to commit a felony by means of the confidence game, and when the jury found defendants guilty on that count it is apparent their intention, without doubt, was to find them guilty of that offense, consequently the unnecessary words employed in the verdict are surplusage and rejecting them does not in the slightest degree prejudice any substantial rights of the plaintiffs in error. Verdicts are rendered by "lay people," not versed in the strict rules of pleading, and in order to avoid questions of the kind under consideration being raised in the future, it is suggested that trial judges should prepare and hand to the jury with the instructions, appropriate forms of verdict.

In considering the various questions determined we have not overlooked the fact that the Attorney General has urged upon our attention that certain matters do not appear in the bill of exceptions, and for this reason plaintiffs in error were not entitled to be heard upon some of the questions on which error is assigned. We did not deem it necessary to pass on this proposition, but by not doing so we must not be understood as regarding the point raised by the Attorney General without merit. We, however, call the attention of the profession to the many decisions rendered wherein we have held that the provisions of the Civil Code relating to bills of exceptions do not apply in criminal cases. The judgment of the District Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.