## No. 12,343.

### STEWART v. THE PEOPLE.

Decided December 2, 1929. Rehearing denied December 23, 1929.

Mr. F. D. TAGGART, for plaintiff in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ALLEN G. Stewart was convicted of an attempt to obtain money from an insurance company by means of the confidence game.

1. The court denied Stewart's application for a bill of particulars. Such denial is said to be reversible error. It is within the sound discretion of the trial court to grant or deny such applications, and there is nothing in the record to indicate that the court's discretion in this case was abused.

2. No evidence was introduced on behalf of Stewart. It is claimed that the evidence fails to prove the charge contained in the information, that at most it tended to prove an attempt to obtain money from the company by false pretense, and our attention is called to decisions to the effect that to constitute the offense charged here the attempt must have been made to obtain the money by some false or bogus means, token, symbol or device as distinguished from mere words, however false and fraudulent.

The undisputed evidence—Stewart introduced no evidence—is to the following effect: Stewart obtained a policy from the company insuring him against loss by theft of his automobile and its accessories. He thereafter filed with the company a written and signed statement that two spare wheels, tires and tubes belonging to the automobile had been stolen, and sought to collect the amount of the loss. He also reported the loss at police headquarters. Acting on information communicated by a stranger, two police officers went to Stewart's residence. Stewart was engaged in packing his personal belongings, preparing, his counsel says, to make a trip with his auto-

mobile to Seattle, Washington. The officers searched the premises. In the chicken coop they found one of the wheels and one of the tires. The other wheel they found in the bottom of a barrel covered with gunnysacks and a tarpaulin. When asked why he hid the wheels, Stewart made an explanation that was ridiculous on its face.

This evidence justified Stewart's conviction of an attempt to obtain money from the insurance company by means of the confidence game. *Powers v. People,* 53 Colo. 43, 123 Pac. 642; *West v. People,* 60 Colo. 488, 156 Pac. 137; *Roll v. People,* 78 Colo. 589, 243 Pac. 641.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.