No. 1276. DANILA ET AL. *v.* DOBREA, EXECUTOR. Sup. Ct. Ohio. Certiorari denied. *John R. Vintilla* for petitioners. *John J. Sibisan* for respondent.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

Respondent was appointed by an Ohio probate court executor of the estate of John Danila, whose will left over $40,000 to the seven petitioners, relatives of Danila's residing in Romania. The residue, securities constituting the greater part of the estate, was left to two charities and a friend of the deceased. Respondent notified petitioners by mail of the administration, and they employed Ohio counsel, who communicated with counsel for respondent and filed with the probate court a formal appearance. One month later respondent filed his final

accounting and proposed plan of distribution, which charged to petitioners costs of administration and taxes; and respondent moved to be appointed testamentary trustee over the gifts to petitioners. A hearing date was set, but the only notice thereof was by publication. There was no personal notification to either petitioners or their attorney, although respondent knew how to reach them. The distribution proposed by respondent was then approved by the probate court.

Petitioners moved to set aside the final probate court order on the ground that notice by publication was constitutionally insufficient. In denying that motion, the probate court did not consider the due process question, but merely held that two arguments by which petitioners attacked the plan of distribution on the merits were frivolous. His order denying relief was affirmed.

The constitutional question raised here is whether petitioners, once having been notified by the executor that administration was under way, were entitled to actual notice (see *Mullane* v. *Central Hanover Tr. Co.,* 339 U. S. 306) of the hearing on final distribution and of the ancillary proceedings to appoint respondent trustee over their property. A similar issue was raised in *Hanner* v. *DeMarcus,* 390 U. S. 736. As I indicated in my dissent there, the question is a substantial one which should be decided by this Court.

It is said that the probate court in effect reopened the administration by considering at the hearing on motion to reopen certain arguments of petitioners' going to the merits. Nothing in the record, however, suggests that petitioners had a full hearing on the merits at this time, nor even that petitioners had any reason to believe that this hearing, ostensibly on the constitutional adequacy of the notice by publication, was the appropriate time to raise such points. (Compare *In re Ruffalo,* 390 U. S. 544.)

There seems to be some basis for believing that the case is a relic of the Cold War and that petitioners were discriminated against in the administration of this estate because of their Romanian citizenship (cf. *Zschernig* v. *Miller,* 389 U. S. 429), since the pretext for naming the trustee was to ascertain the addresses of the Romanian legatees, already known to their counsel who had appeared for them. In any event, there should be a hearing on the merits, to determine *inter alia,* whether this Ohio probate judge was formulating American foreign policy as was the state judge in *Zschernig* v. *Miller.*

I would grant certiorari.