Warren Bernard KATZ, Individually and on behalf of all others similarly situated, Plaintiff,

and

Donald J. Weller, on his own behalf, Plaintiff-Intervenor,

v.

KE NAM KIM, Individually and in his capacity as Comptroller, State of Hawaii, Defendant.

Civ. No. 73–3931.

United States District Court, D. Hawaii.

July 23, 1974.

Evan R. Shirley, American Civil Liberties Union of Hawaii, Honolulu, Hawaii, for plaintiff and plaintiff-intervenor.

George Pai, Atty. Gen., State of Hawaii, William W. Milks, Deputy Atty. Gen., Honolulu, Hawaii, for defendant.

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PENCE, Chief Judge.

This case was initially filed in September 1973 by Warren Bernard Katz, an employee of the State of Hawaii, on his own behalf, and as a class action on behalf of all other state employees, asking for a declaratory judgment that Section 78–12, Hawaii Revised Statutes, providing in substance for state garnishment of state employees' wages for their debits to the state, and also seeking injunctive relief from its enforcement by the State. Katz claimed Equal Protection and Due Process violations. A three-judge court was requested.

Katz' complaint arose out of a tax assessment and tax lien situation. He was notified that his state-paid wages would be garnished, but, two days before the deadline, he paid the tax assessment under protest. Some eight months later, the American Civil Liberties Union filed this suit.

Before any ruling had been made on the class action problem, on December 19, 1973, Donald Weller, also a state employee, through the ACLU attorneys, moved to intervene as a plaintiff. On January 7, 1974, the state consented to his intervention. On January 29, 1974, after hearing, Katz was dismissed as plaintiff. On March 5, 1974, the plaintiff-intervenor moved for summary judgment against the defendant. The matter was thereafter briefed and argued. This court does not here reach the issues of a three-judge court or a class action because of its dispositive ruling, hereafter.

## FACTS

Through application to the Parking and Traffic Board of Review—University of Hawaii, dated May 22, 1973, the plaintiff, Weller, an instructor in the University of Hawaii system, requested that he be given a hearing to determine the validity of numerous traffic violation citations (parking tickets) which had been issued to him by the University. The Board attempted to serve Weller with notice of the hearing by certified mail postmarked May 31, 1973, but Weller refused to accept delivery of the notice. Nonetheless, a hearing was set for June 6, 1973, at which time Weller appeared before a hearing officer and a hearing on the merits of his case was conducted. The hearing officer filed written findings of fact and conclusions of law holding that Weller had violated the University's parking regulations without justification or excuse and ordered that the fines due be paid, but that the penalties for nonpayment be waived. In addition to ordering the payment of $72.00 in fines (36 tickets at $2.00 each), the hearing officer in-

formed Weller that if he failed to file written exceptions and present arguments to the Parking Board of Review within thirty days, the decision of the hearing officer would be final. No written exceptions were filed by Weller, no appeal was taken, and no fines were paid by him.

On August 6, 1973, Henry Moryasu of the University Auxiliary Services Office, the officer charged with the duty of collecting Weller's fines, sent a letter to Keith Snyder, University of Hawaii Comptroller, requesting that Weller's salary be garnished pursuant to H.R.S. § 78–12 (1968).[1] On August 7 Snyder made the same request of State Comptroller Ke Nam Kim, who on August 21, sent notice to Weller that, effective August 31, 1973, one quarter of his "compensation paid by the State of Hawaii" would be withheld until his debt was satisfied. $72.00 was withheld from Weller's paycheck on September 28, 1973.

## JURISDICTION

This court has jurisdiction over the subject matter of this action by virtue of 42 U.S.C. § 1983 and 28 U.S.C. § 1343. See Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); Osmond v. Spence, 327 F.Supp. 1349 (D.Del.1971).

## THE STANDING ISSUE

Plaintiff argues that since § 78–12 mandates only that notice be given be-fore a state employee's salary may be withheld and does not provide for any pre-withholding hearing, it transcends the constitutional perimeters of procedural due process. Weller here, however, was given notice of a hearing and was actually afforded the opportunity to present his case before a hearing officer, pursuant to the rules and regulations governing University parking. Therefore, the threshold issue is whether or not Weller has standing to object to § 78–12 on the ground that it requires no pre-withholding hearing.

A similar problem concerned The Court in both Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1927), and Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915), in that each involved challenges to statutory schemes which were constitutionally inadequate in all of their respective reaches. In each the court held that due process must be mandated by the statutory scheme and not left to chance, favor or grace. The court here, however, is presented with a different problem because the statutory scheme appears constitutionally adequate in some of its reaches but in others may fall short of constitutional, due process, requirements. Section 78–12 applies to state employees who are "indebted" to the state. The state's response to the plaintiff's request for admissions shows that in some instances an employee's indebtedness may arise from a final administrative judg-

---

1. § 78–12 Salary withheld for indebtedness to the government. In case any officer, agent, employee, or other person in the service of the State, any county, or any independent board or commission, is indebted to the State, any county, or to any independent board or commission, upon demand of the officer charged with the duty of collecting the indebtedness, the comptroller or other officer charged with the duty of paying the officer, agent, employee, or other person, after notice to him, shall withhold one-quarter of the salary, wages, or compensation due him and pay the same, from time to time as the same shall become due, to the officer charged with the duty of collecting the indebtedness, until the full amount of the indebtedness, together with penalties and interest thereon, is paid. If the indebtedness has arisen or been incurred by reason of the officer, agent, employee, or other person having embezzled, stolen, or otherwise unlawfully acquired any moneys or other property of the State, any county, or any independent board or commission, the whole amount of the salary, wages, or compensation, or so much thereof as may be required to pay the indebtedness in full, shall be withheld and paid over to the officer charged with the duty of collecting the indebtedness.

The operation of all garnishment process served upon the comptroller or other paying officer shall be stayed until the indebtedness has been fully paid.

ment with all the attendant due process protections found in H.R.S. Chapter 91, the Hawaii Administrative Procedure Act, but in other cases the indebtedness might be the result of an ex parte declaration by the state that the employee is so indebted.

The statutory scheme for determining "indebtedness" due to unpaid parking tickets is found in H.R.S. § 308–1 (1968), and the rules and regulations issued pursuant thereto. Section 308–1 provides that

> The board of regents may make rules and regulations governing the traffic and parking conditions on the roadways and other areas under the jurisdiction of the university.

Under the August 9, 1971 Amendments to the Rules and Regulations Governing Parking and Operation of Motor Vehicles at the University of Hawaii Manoa Campus § 10(a), "Each person receiving a citation is entitled to a hearing." Section 10(b) provides that "A person requesting a hearing on a parking or traffic citation in accordance with subsection 10(a) shall be afforded an opportunity for hearing after reasonable notice as provided by Chapter 91, Hawaii Revised Statutes." Chapter 91 delineates the procedures which must be followed in "contested cases." All parties are to be given notice and an opportunity to be heard, the right to present evidence, cross examine witnesses and argue their cases. A party may file written exceptions within thirty days and thereby obtain a review of the whole record by the Parking Board, otherwise the hearing officer's decision is final. Judicial review is also available to an aggrieved person under H.R.S. § 91–14.

The rules and regulations made by the board of regents pursuant to the authority granted them in § 308–1 together with § 78–12 constitute the statutory scheme through which "indebtedness" to the state for unpaid parking tickets is determined and collection assured. In the instant case, Weller does not contend

that the due process provisions of Chapter 91 are constitutionally inadequate. This court, therefore, treats the hearing officer's decision as a constitutionally firm, final judgment of indebtedness. As such, the application of § 78–12 to Weller's salary was tantamount to the state's invoking a post-judgment collection remedy, i. e., post-judgment garnishment, and not a pre-judgment taking with which The Court grappled in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (May 13, 1974); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

The Court in Endicott Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), held that a New York Statute which permitted a judgment creditor to garnish the debtor's wages without affording the debtor prior notice or the opportunity to be heard was not violative of the due process clause of the Fourteenth Amendment. The Court stated:

> [T]he established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take "notice of what will follow," no further notice being "necessary to advance justice." Ayres v. Campbell, 9 Iowa, 213, 216; Reid v. Railway Co., 32 Pa. 257, 258; Foster v. Young, 172 Cal. 317, 322, 156 P. 476; McAnaw v. Matthis, 129 Mo. 142, 152, 31 S.W. 344. Id., at 288, 45 S.Ct. at 62.

■ ■ *Endicott* makes it clear that the due process protections mandated by the Hawaii statutory scheme relating to declaration of indebtedness due to unpaid parking tickets and the subsequent collection thereof are constitutionally adequate.[2]

However, Weller asserts that § 78–12 is unconstitutional on its face since the indebtedness of other state employees might not be determined through administrative or judicial proceedings thus rendering § 78–12 a pre-judgment withholding statute which does not provide the debtor with an opportunity to be heard prior to the taking, thus contravening *Fuentes* and *Sniadach*, supra. Since this court finds that Weller has no standing to raise so speculative an occurrence, it need not now reach the problem of whether or not any hypothetical application of § 78–12 is unconstitutionally violative of the Fourteenth Amendment Due Process Clause.

As The Court observed in Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1972), where a similar challenge of overbroadness was made to an Oklahoma statute by one whose conduct (not dissimilar to Weller's) "falls squarely within the 'hard core' of the statute's proscriptions":

> In the context of this type of obviously covered conduct, the statement of Mr. Justice Holmes is particularly appropriate: "if there is any difficulty . . . it will be time enough to consider it when raised by someone whom it concerns." United States v. Wurzbach, [280 U.S. 396 (1930)] at 399[, 50 S.Ct. 167, 74 L.Ed. 508].

The *Broadrick* court continued:

> Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. . . . A closely related principle is that constitutional rights are personal and may not be asserted vicariously. (Citations omitted.)

413 U.S. 601, 608–610, 93 S.Ct. 2908, 2915.

■ ■ Since Weller's complaint does not fall within either of the exceptions noted in *Broadrick*, the traditional rule must be here applied. Since § 78–12 is constitutional when used as a post-judgment collection remedy (*i. e.*, when used, as here, to collect unpaid parking tickets), after "judgment" Weller will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others under other hypothetical situations. "This court must deal with the case in hand, and not with imaginary ones." Yazoo & Miss. Valley R. R. v. Jackson Vinegar Co., 226 U.S. 217, 219, 33 S.Ct. 40, 41, 57 L.Ed. 193 (1912). See also Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1971).

Plaintiff's second challenge to § 78–12 is that it violates the equal protection clause of the Fourteenth Amendment to the U. S. Constitution. The plaintiff alleges that

> The operation of Section 78–12 of the Hawaii Revised Statutes results in two classes of persons. The first such class is composed of those persons indebted to the State who are *not* State employees and who, thus, are not subject to pre-hearing wage garnishment. The second class consists of those persons indebted to the State who *are* subject to pre-hearing wage gar-

2. The Court has twice declined to reconsider *Endicott*: Hanner v. De Marcus, 390 U.S. 736, 88 S.Ct. 1437, 20 L.Ed.2d 270 (1967) and Danila v. Dobrea, 391 U.S. 949, 88 S.Ct. 1845, 20 L.Ed.2d 864 (1968). See also Langford v. State of Tennessee, 356 F.Supp. 1163 (W.D.Tenn.1973); and *cf.*, Scott v. Danaher, 343 F.Supp. 1272 (N.D.Ill.1972). So long as The Court does not hold otherwise, *Endicott* seems still good authority for the rule that neither notice nor opportunity to be heard need be given a judgment debtor prior to post-judgment garnishment.

nishment. The effect of this classification is to discriminate against one class of State citizens by depriving them of their fundamental right to procedural due process.

Intervenor's Complaint, Second Claim. The essence of plaintiff's equal protection argument is that state employees who allegedly owe money to the state are treated differently than private employees who allegedly owe money to the state and that there is no rational basis supporting the disparate treatment. See Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (May 20, 1974); James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1971).

■ However, as indicated earlier, a portion of Weller's salary was withheld only after final administrative decision. Thus the possible infirmities of prejudgment application of § 78–12 are not properly before the court. H.R.S. § 652–1(b) (Supp.1973), permits the post-judgment garnishment of non-state employees' salaries without requiring that notice or an opportunity to be heard be afforded the judgment debtor. To that extent § 652–1(b) provides non-state employees with less protection than is granted state employees under § 78–12 which requires that all withholding be preceded by notice to the debtor.

Plaintiff also contends that since the withholding rate applicable to state employees' salaries is higher than the garnishment rate applicable to non-state employees, § 78–12 violates the Equal Protection Clause of the Fourteenth Amendment. However, although there is a difference in the rates established in the two sections, § 78–12 and § 652–1, Weller has in no way been injured by that difference.

■ The paycheck from which the $72.00 was withheld indicates that Weller's gross pay for the period was $729.75. Using the rate which § 652–1 makes applicable to non-state employees, the most which a creditor might have been able to garnish would have been $120.-95. The $72.00 which was withheld under § 78–12 was well within the § 652–1 limit; therefore, the plaintiff was not injured by the fact that § 78–12 contained a higher rate.

Neither equal protection argument made by the plaintiff is properly before the court. Pursuant to § 78–12, plaintiff was given notice which is required neither by court decision, i. e., Endicott, nor the general garnishment statute, § 652–1. Moreover, the $72.00 withheld under § 78–12 fell well below the maximum which would have been allowable under § 652–1. The Hawaii statutory scheme for declaring and collecting indebtedness due to unpaid parking tickets did not deny plaintiff his right to due process or equal protection of the law. As heretofore stated, he has no standing to hypothetically assert the rights of others to whose salaries the statutory scheme might, at some future time, be applied in an unconstitutional way.

For the reasons set forth above, plaintiff's motion for summary judgment is denied. Plaintiff has no standing and his complaint is dismissed.