**Cynthia McCAHEY, Plaintiff,**

**v.**

**L.P. INVESTORS; Allen M. Rosenthal; Affiliated Credit Adjusters; Sheriff of Suffolk County; and Suffolk County Clerk, Defendants.**

**No. CV 84–0928.**

United States District Court,
E.D. New York.

Sept. 4, 1984.

---

**4.** In view of the above disposition, it is unnecessary to resolve the State of Montana's motion to dismiss.

Nassau/Suffolk Law Services Center Inc., Steven Racow, Bay Shore, N.Y., for plaintiff.

Wilson, Elser, Edelman & Dicker, (Thomas W. Hyland, Edward A. Taylor, of counsel) New York City, for defendant Allen M. Rosenthal.

Gerald Dandeneau, Melville, N.Y., for defendants L.P. Investors and Affiliated Credit Adjusters.

John P. Finnerty, Suffolk County Atty., Hauppauge, N.Y., for defendants Sheriff & County Clerk of Suffolk County.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The plaintiff, Cynthia McCahey, has brought this action seeking declaratory, injunctive and compensatory relief. She maintains that the New York State procedures for post-judgment restraint, execution and levy, as set forth in amended New York Civil Practice Law and Rules sections 5222; 5230 and 5232, N.Y.C.P.L.R. §§ 5222, 5230, 5232 (McKinney Supp.1983), violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Ms. McCahey asserts that these provisions are unconstitutional insofar as they permit restraint and levy upon assets that, under various state and federal statutes, are exempt from legal process without adequate notice or an opportunity to be heard.

In 1982, District Court Judge Lasker declared unconstitutional predecessor provisions of the CPLR challenged by Ms. McCahey. *Deary v. Guardian Loan Corp.*, 534 F.Supp. 1178 (S.D.N.Y.1982).

As a result of Judge Lasker's opinion, these sections were amended by the New York State Legislature. N.Y.C.P.L.R. §§ 5222, 5232 (McKinney Supp.1983). Ms. McCahey attacks the amended sections and argues that, despite the amendments, these sections remain unconstitutional.

Defendants Allen Rosenthal and L.P. Investors have filed motions to dismiss for failure to state a claim upon which relief may be granted. The plaintiff has cross-moved for partial summary judgment declaring CPLR §§ 5222, 5230 and 5232 unconstitutional. Oral argument was heard on these motions on June 1, 1984 and June 15, 1984. For the reasons stated below, we hold that due process is satisfied by the New York procedures.

## I. BACKGROUND

*The New York Procedure for Restraint and Execution on Judgments.*

The procedures governing the enforcement and satisfaction of money judgments in New York State are set forth in Article 52 of the CPLR. The plaintiff argues that amended sections 5222, 5230 and 5232, providing for restraint, execution and levy, are unconstitutional.

Under section 5222,[1] a judgment creditor's attorney, acting as an officer of the

---

**1.** Section 5222 provides:

(a) Issuance; on whom served; form; service. A restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court. It may be served upon any person, except the employer of a judgment debtor where the property sought to be restrained consists of wages or salary due or to become due to the judgment debtor. It shall be served personally in the same manner as a summons or by registered or certified mail, return receipt requested. It shall specify all of the parties to the action, the date that the judgment was entered, the court in which it was entered, the names of all parties in whose favor and against whom the judgment was entered, and it shall set forth subdivision (b) and shall state that disobedience is punishable as a contempt of court. Service of a restraining notice upon a department or agency of the state or upon an institution under its direction shall be made by serving a copy upon the head of the department, or the person designated by him and upon the state department of audit and

control at its office in Albany; a restraining notice served upon a state board, commission, body or agency which is not within any department of the state shall be made by serving the restraining notice upon the state department of audit and control at its office in Albany. Service at the office of a department of the state in Albany may be made by the sheriff of any county by registered or certified mail, return receipt requested.

(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment credi-

court, may restrain the transfer of property of the judgment debtor that is held by another party, such as a bank, by issuing and serving a restraining notice. The restraining notice, which is effective against the garnishee for one year after service, has the effect of freezing the debtor's property in an amount up to twice the amount of the judgment until the judgment is satisfied or vacated or a sheriff seizes the debtor's property. Section 5222 provides that, within four days of the service of the restraining notice, notice must be provided to the judgment debtor, along with a copy of the restraining notice. Section 5222(e) specifies the content of the notice; it provides that:

> The notice required by subdivision (d) shall be in substantially the following form and may be included in the restraining notice:

### NOTICE TO JUDGMENT DEBTOR

> Money or property belonging to you may have been taken or held in order to

tor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

(c) Subsequent notice. Leave of court is required to serve more than one restraining notice upon the same person with respect to the same judgment.

(d) Notice to judgment debtor. If a notice in the form prescribed in subdivision (e) has not been given to the judgment debtor within a year before service of a restraining notice, a copy of the restraining notice together with the notice to judgment debtor shall be mailed by first class mail or personally delivered to each judgment debtor who is a natural person within four days of the service of the restraining notice. Such notice shall be mailed to the defendant at his residence address; or in the event such mailing is returned as undeliverable by the post office,

or if the residence address of the defendant is unknown, then to the defendant in care of the place of employment of the defendant if known, in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by the return address or otherwise, that the communication is from an attorney or concerns a judgment; or if neither is known then to the defendant at any other known address.

(e) Content of notice. The notice required by subdivision (d) shall be in substantially the following form and may be included in the restraining notice:

NOTICE TO JUDGMENT DEBTOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you. Read this carefully.

YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

CPLR § 5222 (McKinney Supp.1983).

satisfy a judgment which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income (SSI)
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

CPLR § 5222(e) (McKinney Supp.1983).

Section 5230 [2] sets forth the requirements for obtaining an execution. It provides that a judgment creditor's attorney or the clerk of the appropriate court may issue an execution. The execution is mailed or delivered to an enforcement officer, such as a sheriff or a city marshall, and directs the officer to satisfy the judgment out of the real and personal property of the judgment debtor.

Once the enforcement officer has been

**2.** Section 5230 provides:

Executions

(a) Form. An execution shall specify the date that the judgment was entered, the court in which it was entered, the amount of the judgment and the amount due thereon and it shall specify the names of the parties in whose favor and against whom the judgment was entered. An execution shall direct that only the property in which a named judgment debtor who is not deceased has an interest, or the debts owed to him, be levied upon or sold thereunder and shall specify the last known address of that judgment debtor. Where the judgment was entered in a court other than the supreme, county or a family court, the execution shall also specify the date on which a transcript of the judgment was filed with the clerk of the county in which the judgment was entered. Where jurisdiction in the action was based upon a levy upon property or debt pursuant to an order of attachment, the execution shall also state that fact, describe all property and debts levied upon, and direct that only such property and debts be sold thereunder. Where the judgment was recovered for all or part of a mortgage debt, the execution shall also describe the mortgaged property, specify the book and page where the mortgage is recorded, and direct that no part of the mortgaged property be levied upon or sold thereunder.

(b) Issuance. At any time before a judgment is satisfied or vacated, an execution may be issued from the supreme court, county court or a family court, in the county in which the judgment was first docketed, by the clerk of the court or the attorney for the judgment creditor as officer of the court, to the sheriffs of one or more counties of the state, directing each of them to satisfy the judgment out of the real and personal property of the judgment debtor and the debts due to him.

(c) Return. An execution shall be returned to the clerk of the court from which it was issued within sixty days after issuance unless the execution has been served in accordance with section 4231 or subdivision (a) of section 5232. The time may be extended in writing for a period of not more than sixty additional days by the attorney for the judgment creditor. Further like extensions may be given by the attorney for the judgment creditor unless another execution against the same judgment debtor has been delivered to the same enforcement officer and has not been returned.

(d) Records of Sheriff. Each sheriff shall keep a record of executions delivered to him showing the names of the parties and the judgment debtor; the dates of issue and return; the date and time of delivery, which shall be endorsed upon the execution; the amount due at the time the execution was delivered to him; and the amount of the judgment and of the sheriff's fees unpaid, if any, at the time of the return.

CPLR § 5230 (McKinney Supp.1983).

issued an execution, section 5232 [3] permits the officer to levy upon the property of the judgment debtor. To effect the levy, section 5232 requires the enforcement officer to serve the garnishee with an execution in the same manner as a summons. The garnishee is then required to transfer "forthwith" the debtor's funds to the enforcement officer and "execute any document necessary to affect the transfer of payment," CPLR § 5232(a) (McKinney 1978); the enforcement officer, however, must wait fifteen days after service of the execution before distributing the proceeds of the execution to the judgment creditor. CPLR § 5234(a) (McKinney Supp.1983). Section 5232 further provides that where the exe-

3. Section 5232 provides:

Levy upon personal property

(a) Levy by service of execution. The sheriff shall levy upon any interest of the judgment debtor in personal property not capable of delivery, or upon any debt owed to the judgment debtor, by serving a copy of the execution upon the garnishee, in the same manner as a summons, except that such service shall not be made by delivery to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318. In the event the garnishee is the state of New York, such levy shall be made in the same manner as an income execution pursuant to section 5231 of the civil practice law and rules. A levy by service of the execution is effective only if, at the time of service, the person served owes a debt to the judgment debtor or he is in the possession or custody of property not capable of delivery in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in a notice which shall be served with the execution that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property not capable of delivery in the possession or custody of the person served. All property not capable of delivery in which the judgment debtor is known or believed to have an interest then in or thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due or thereafter coming due to the judgment debtor, shall be subject to the levy. The person served with the execution shall forthwith transfer all such property, and pay all such debts upon maturity, to the sheriff and execute any document necessary to effect the transfer or payment, property coming into the possession or custody of the garnishee, or debt incurred by him, shall not be subject to the levy. Until such transfer or payment is made, or until the expiration of ninety days after the service of the execution upon him, or of such further time as is provided by any order of the court served upon him, whichever event first occurs, the garnishee is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court. At the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, upon motion of the judgment creditor has provided, the levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 has been brought. A judgment creditor who has specified personal property or debt to be levied upon in a notice served with an execution shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the levy.

(b) Levy by seizure. The sheriff shall levy upon any interest of the judgment debtor in personal property capable of delivery by taking the property into his custody without interfering with the lawful possession of pledgees and lessees. The sheriff shall forthwith serve a copy of the execution in the manner prescribed by subdivision (a) upon the person from whose possession or custody the property was taken.

(c) Notice to judgment debtor. Where an execution does not state that a notice in the form presented by subdivision (e) of section fifty-two hundred twenty-two of this chapter has been duly served upon the judgment debtor within a year, the sheriff shall, not later than four days after service of the execution upon any garnishee, mail by first class mail, or personally deliver, to each judgment debtor who is a natural person, a copy of the execution together with such notice. The sheriff shall specify on the notice to judgment debtor the name and address of the judgment creditor or the judgment creditor's attorney. The notice shall be mailed to the judgment debtor at his residence address; and in the event such mailing is returned as undeliverable by the post office, or if the residence address of the judgment debtor is unknown, then to the judgment debtor in care of the place of employment of the judgment debtor if known, in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by the return address or otherwise, that the communication is from a sheriff or concerns a debt; or if neither the residence nor the place of employment of the judgment debtor is known, then to the judgment debtor at any other known address.
CPLR § 5232 (McKinney Supp.1983).

cution does not state that the notice to the judgment debtor required by CPLR section 5222 has been sent within a year, the enforcement officer, not later than four days after service of the execution upon the garnishee, must mail by first class mail or personally deliver to the judgment debtor a copy of the execution together with such notice.

CPLR sections 5239 [4] and 5240 [5] offer an opportunity for a judgment debtor to contest the proceedings discussed above. Section 5239 permits "any interested person" to commence a special proceeding, prior to the application of property by the enforcement officer to the satisfaction of the judgment, in which "[t]he court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded." CPLR § 5239 (McKinney 1978). Section 5240 authorizes the court to issue an order "denying, limiting, conditioning, regulating, extending or modifying any enforcement procedure." *Id.* § 5240.

*Factual Background* [6]

Ms. Cynthia McCahey and her three children are recipients of public assistance under the Aid to Families with Dependent Children program. Ms. McCahey, by affidavit, avers that her family depends upon these public assistance funds for their food, shelter and survival. Ms. McCahey maintains a checking account at the Northstar/Island State Bank; she deposits her monthly public assistance benefit check into this account and then draws on it to meet her family's expenses.

On or about October 13, 1982, a default judgment in the amount of $1979.61 was entered in the District Court, Suffolk County, against Ms. McCahey by her former landlord, defendant L.P. Investors. The judgment was based on a claim that she had vacated her apartment prior to the end of her lease term and was liable for rent for the rest of the term of the lease. On or before June 14, 1983, Ms. McCahey received a telephone call from an individual who identified himself as Mr. Rosenthal, attorney for the creditor. Ms. McCahey allegedly told him she could not afford to make any payments on the judgment because of her public assistance status and the absence of other sources of funds. She did not furnish to Mr. Rosenthal proof of her status in writing.

On or about July 6, 1983, the plaintiff's funds on deposit at the bank were restrained pursuant to a restraining notice issued by Allen Rosenthal, Esq. on behalf of L.P. Investors, Ltd. and/or Affiliated Credit Adjustors. Shortly after July 12,

---

**4.** Section 5239 provides:

Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt, by serving a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion. The proceeding may be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221. The court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded. Where there appear to be disputed questions of fact, the court shall order a separate trial, indicating the person who shall have possession of the property pending a decision and the undertaking, if any, which such person shall give. If the court determines that any claim asserted was fraudulent, it may require the claimant to

pay to any party adversely affected thereby the reasonable expenses incurred by such party in the proceeding, including reasonable attorneys' fees, and any other damages suffered by reason of the claim. The court may permit any interested person to intervene in the proceedings. CPLR § 5239 (McKinney 1978).

**5.** Section 5240 provides:

The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article. CPLR § 5240 (McKinney 1978).

**6.** While the facts of this case are not germane to the disposition of this summary judgment motion evaluating the constitutionality of New York's postjudgment execution procedures, they serve to highlight Ms. McCahey's constitutional objections.

1983, Ms. McCahey received a letter from the bank advising her that her account had been restrained pursuant to a restraining notice and informing her that if she had any questions she could contact the attorney for the creditor's collection agency, Allen Rosenthal.

Ms. McCahey maintains that she called the bank and told a bank employee that all funds in the account were public assistance monies. The bank employee, according to the plaintiff, explained to her that public assistance funds were exempt from restraint, execution, and levy and told her that someone from the bank would call the creditor and explain the situation. She maintains that the bank employee later called her and told her that Mr. Rosenthal did not believe the funds were public assistance. Defendant Rosenthal, however, contends that when he questioned the bank, it could not even state whether the plaintiff was receiving public assistance. The bank, however, stopped honoring the restraining notice.

On or about July 18, 1983, Ms. McCahey received a "Notice to Judgment Debtor Form," which was issued in compliance with CPLR § 5222. The notice advised plaintiff that certain funds, including public assistance funds, were exempt from execution. The notice stated that plaintiff could communicate with the person sending the notice, that she could consult an attorney, including Legal Aid, and that the CPLR provides a procedure for determining a claim to an exemption. Ms. McCahey called the "person sending this notice," and an employee of attorney Rosenthal told her that she needed to send a copy of her public assistance check to Mr. Rosenthal in support of her claim of exemption. The employee did not explain any other procedures for protecting her public assistance monies. Since Ms. McCahey did not have a copy of her public assistance check she had to wait until she received her next check— on August 15, 1983—before she could make a photostatic copy of it. Defendant Rosenthal claims that he never received a copy of this check.

On August 26, 1983, the Sheriff of Suffolk County served an execution upon the bank. On or about August 30, 1983, the bank paid the Sheriff $406.82 from plaintiff's account. Plaintiff allegedly made repeated demands to have her funds returned on the ground that they were public assistance funds and, therefore, exempt from restraint, execution, and levy. After plaintiff unsuccessfully sought to intervene in *Deary v. Guardian Loan Co., supra,* the funds were returned to her. Mr. Rosenthal maintains that this was the first time and only time he received information substantiating plaintiff's claim that her funds were exempt due to their public assistance status.

Ms. McCahey then instituted this action. On April 25, 1984, this Court issued a certificate to the New York State Attorney General informing the State that the constitutionality of a New York State statute had been drawn into question in a case in which neither the State of New York nor any agency thereof was a party. The State has failed to intervene in this action.

## II. DUE PROCESS AND POSTJUDGMENT EXECUTION PROCEEDINGS

In recent years, postjudgment execution proceedings have come under increased judicial scrutiny. *E.g., Finberg v. Sullivan,* 634 F.2d 50 (3rd Cir.1980); *Brown v. Liberty Loan Corp.,* 539 F.2d 1355 (5th Cir. 1976); *Harris v. Bailey,* 574 F.Supp. 966 (W.D.Va.1983); *Deary v. Guardian Loan Corp.,* 534 F.Supp. 1178 (S.D.N.Y.1982); *Betts v. Tom,* 431 F.Supp. 1369 (D.Hawaii 1977); *Cole v. Goldberger, Pedersen & Hochron,* 95 Misc.2d 720, 410 N.Y.S.2d 950 (Sup.Ct.Broome Co.1978). In the past, courts traditionally have held that due process does not require postjudgment execution procedures to provide a debtor with notice or a hearing before garnishment. This ruling was based on the rationale that the underlying judgment proceeding served as constructive notice to the debtor that his property would be subject to execution. *See, e.g., Endicott Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 45 S.Ct.

61, 69 L.Ed. 288 (1924); *Halpern v. Austin*, 385 F.Supp. 1009 (N.D.Ga.1974); *Katz v. Ke Nam Kim*, 379 F.Supp. 65 (D.Hawaii 1974). However, many courts have recently reevaluated the traditional view and have found that it is inapplicable in situations involving property exempt from seizure. These courts have found that state postjudgment execution proceedings that fail to provide notice of the existence of possible exemptions and a procedure for the prompt post-seizure hearing of claims of exemption violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *E.g.*, *Finberg*, 634 F.2d at 56–57; *Harris*, 574 F.Supp. at 969; *Deary*, 534 F.Supp. at 1185.

■ In ruling that due process concerns are relevant in the postjudgment garnishment context, these courts have found recent Supreme Court prejudgment seizure cases and the principles enumerated therein controlling. *Finberg*, 634 F.2d at 58; *Harris*, 574 F.Supp. at 968; *Deary*, 534 F.Supp. at 1186. They have determined that the presence of a judgment does not alter the conclusion that, in both prejudgment cases and postjudgment cases involving exempt property, attachment must be considered a provisional measure during which the debtor retains a protectible interest in the use of his property. "A debtor might still defeat [the creditor's] right with any of a number of defenses not adjudicated in the action on the merits, such as in the present case with a claim of exemption." *Finberg*, 634 F.2d at 58.

The Supreme Court prejudgment seizure cases reflect an approach that balances the competing interests of the debtor and the creditor to determine the amount of process due before one is deprived of property. *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *North Georgia Finishing, Inc. v. DiChem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W.T. Grant Co.*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Snia-*

*dach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). As indicated by the United States Court of Appeals for the Third Circuit in *Finberg v. Sullivan*,

> [t]he principles established in the controlling Supreme Court decisions, to summarize, are that notice and an opportunity to be heard before an attachment are not absolutely necessary. However, the available procedures must afford the debtor adequate protection against erroneous or arbitrary seizures. The procedural protection is adequate if it represents a fair accommodation of the respective interests of creditor and debtor.

634 F.2d at 58. We agree with the analysis presented in these cases and, as have many other courts evaluating due process challenges to postjudgment enforcement proceedings, adopt it here.

■ The broad issue presented in this case, therefore, is how much process is due debtors by a state's postjudgment garnishment proceeding. To make this determination, we must first review the competing interests present in this action. Since this case involves the restraint, execution and levy of a bank account allegedly containing exempt funds, we must evaluate the various interest in this context. The weight to be given these interests shifts in response to the facts of a particular case. *Finberg*, 634 F.2d at 58.

As in any case involving the creditor/debtor relationship, the basic interests in conflict are the creditor's interest in the enforcement of the judgment debt and the debtor's interest in the continued use and enjoyment of her property. A judgment creditor has an interest in a prompt and inexpensive satisfaction of the judgment. In addition, the creditor has a right to seek recovery from the debtor's property and has a strong interest in protection from a debtor seeking to deprive him of his due. The creditor also has an interest in being able to seize bank accounts since this procedure is less costly and time consuming than a levy and judicial sale of nonmonetary assets. *Finberg*, 634 F.2d at 58; *Har-*

*ris*, 574 F.Supp. at 970; *Deary*, 534 F.Supp. at 1186.

The debtor's interest in the continued use of her property becomes more compelling when the property seized is a bank account since it may contain money needed by the debtor to purchase the most basic necessities of life. This interest becomes most compelling where the funds in the bank account are benefits provided by the government and covered by exemptions designed to protect a debtor's means of purchasing basic necessities. *Id.*

◼ Weighing the interests, we conclude that judgment debtors in this context are entitled to notice of both the creditor's actions and exemptions to which they may be entitled, and must be afforded a prompt opportunity to challenge the creditor's enforcement and to assert their exemptions. This determination of the process due is identical to that reached by other courts faced with this issue. *See, e.g., Finberg*, 634 F.2d at 58; *Deary*, 534 F.Supp. at 1186.

◼ We must now address the narrow question presented by this case and evaluate the amended New York postjudgment enforcement procedures to determine if they provide a "constitutional accommodation of the conflicting interests," *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 607, 94 S.Ct. 1895, 1900, 40 L.Ed.2d 406 (1974), and comply with basic due process requirements. In doing so, we are mindful of the Supreme Court's observation that it is necessary to consider the "probable value, if any, of additional or substitute procedural safeguards" and the "fiscal or administrative burdens that the additional or substitute procedure requirement would entail," *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

The New York statute provides that within four days after the service of the restraining notice on the garnishee, a copy of the restraining notice and the notice form required by CPLR Section 5222(e) must be provided to the debtor. N.Y.C.P.L.R. § 5222 (McKinney Supp.1983). Ms. McCahey argues, *inter alia,* that the fol-lowing elements of the notice required by CPLR section 5222 render the notice constitutionally defective.

First, Ms. McCahey contends that the section 5222 notice form states merely that "[t]he law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption," *id.,* and that it does not satisfy due process requirements because it does not adequately explain how to press an exemption claim. Second, plaintiff argues that the provision informing the debtor to contact the person sending the notice is inadequate because it leads a debtor to believe that her adversary will protect her claim to an exemption.

◼ The United States Supreme Court has ruled that due process requires that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice provided by CPLR section 5222 comports with this standard. Section 5222 gives notice of the exemptions to which a debtor may be entitled and it informs the debtor that she may consult a lawyer, including Legal Aid, and that there is a procedure by which she may claim an exemption. While it is true that the notice does not outline the procedure itself or spell out the specific steps that a debtor must take to assert an exemption, it clearly alerts the debtor of her rights. Although it might be helpful to the debtor if the notice provided more information on these procedures, this detailed information is not required by due process.

◼ The second defect that Ms. McCahey alleges is that the notice contains a provision advising the debtor that she "may contact the person sending this notice." N.Y.C.P.L.R. § 5222 (McKinney Supp.1983). Again, while "contacting" the creditor's attorney may not be the wisest course of action available to the debtor, the

presence of this information in the notice does not rise to the level of a constitutional violation. The notice, in bold type, clearly indicates that the debtor may seek the advice of an attorney, including Legal Aid. "Contacting" the person sending the notice is not the only option given to the debtor. Accordingly, we believe that the notice provided by CPLR section 5222 satisfies due process.[7]

■ Along with notice, due process requires a hearing "at a meaningful time." *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Ms. McCahey argues that the CPLR statutory scheme, specifically sections 5239 and 5240, fails to provide a prompt opportunity to challenge the postjudgment enforcement and to assert exemptions.

No evidence has been presented of the use of sections 5239 and 5240 to claim exemptions from restraint and execution. Thus, we find ourselves, as did Judge Lasker in *Deary*, 534 F.Supp. at 1188, unable to determine if, in practice, these provisions satisfy the requirement of a prompt opportunity to be heard. However, section 5239 of the CPLR permits a challenge in a special proceeding commenced by the service of a "notice of petition" in the same manner as a "notice of motion." Section 403(b) of the CPLR prescribes "at least eight days" notice before a hearing may be held but the State Court would appear to have the power to shorten such time if presented with an order to show cause under section 403(d) and, in any event, could stay any application of property or debt until the debtor had an opportunity to be heard. Given these provisions there would appear to be little or no merit to this aspect of Ms. McCahey's claim.

For the reasons stated above, we find that New York's current postjudgment enforcement procedures satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution and dismiss plaintiff's complaint.

SO ORDERED, submit judgment.

---

7. It is one thing to say, as we have, that the notice provided by CPLR section 5222 satisfies due process. It is another thing to say that the legislature exhibited a great deal of wisdom in (i) suggesting first that a debtor "may contact" [sic] the sender of the notice and second "may consult an attorney, including Legal Aid", rather than *vice versa* and (ii) not outlining in at least a summary form to which court a debtor might go and how a special proceeding might be commenced. However, neither of these debatable shortcomings in the form of the notice would in our view render the notice constitutionally defective.