OPINION OF THE COURT
Herbert Kramer, J.
On July 25, 1984, A. F. Supply Company recovered a judgment by default against A. R. Fuels, Inc., for the sum of $25,568. A. F. commenced judgment enforcement proceedings by serving a series of restraining notices pursuant to CPLR 5222, including those served upon Chase Manhattan Bank and National Westminster Bank, where A. R. maintained bank accounts. As a result, $96,372 was restrained from A. R.’s use.
The instant action was thereupon commenced against A. F. for “unconstitutionally and illegally * * * restraining] more than twice such amount” of judgment. In its answer, A. F. raised two affirmative defenses: (1) that res judicata and collateral estoppel barred the suit; (2) that A. R. failed to state a cause of action upon which relief may be granted. A. R. then moved for summary judgment to strike the affirmative defenses and to declare CPLR 5222 unconstitutional as it permits restraint “equal to twice the amount due”. A. F. then cross-moved for summary judgment.
DISCUSSION
The United States Supreme Court held in Endicott Co. v Encyclopedia Press (266 US 285 [1924]) that due process of law does not require that notice be given to a judgment debtor before *994 issuance of a garnishment to satisfy the judgment. Although Endicott has never been expressly overruled, recent Federal court decisions have held State statutes to be unconstitutional for lack of notice and hearing requirements in postjudgment takings (Warren v Delaney, 98 AD2d 799).
Finberg v Sullivan (634 F2d 50) invalidated a Pennsylvania postjudgment garnishment procedure because it did not require notice before garnishment or a prompt hearing after garnishment. Finberg (supra) applied the same due process requirements as those used in prejudgment taking cases, such as Sniadach v Family Fin. Corp. (395 US 337).
Deary v Guardian Loan Co. (534 F Supp 1178) held New York’s postjudgment enforcement statutes, including CPLR 5222 prior to a current amended statute, to be unconstitutional for lack of prior notice to the taking and an opportunity for the debtor to assert possible legal exemptions. The constitutionality of áuch laws should be determined by balancing the competing needs at stake and New York’s then statute did not satisfy the compelling needs of the debtors (Deary v Guardian Loan Co., supra).
As a result of Deary (supra), sections of the CPLR were amended by the New York State Legislature. CPLR 5222 (d) requires that notice of the taking be given to a judgment debtor within four days after service of a restraining notice. CPLR 5222 (e) specifies the form that such notice shall take. The judgment debtor must be informed of the possible exemptions to a taking, such as Social Security payments.
CPLR 5222 (b) was not challenged by Deary (supra) or amended by the Legislature. The present New York postjudgment standards, including CPLR 5222 (b), were held constitutional in McCahey v L. P. Investors (593 F Supp 319 [1984]). The amended statutes satisfied due process even as to garnishment of bank accounts (McCahey v L.P. Investors, supra).
While the plaintiffs in Finberg (supra) and Deary (supra) were attacking the statutes for lack of notice, the plaintiff’s motion at bar attacks the statute for its provision restraining twice the amount of the judgment. The plaintiff here makes no claim that he was not given the requisite notice nor does the complaint allege its unconstitutionality. The court finds no basis in the pleadings for plaintiff’s claim of unconstitutionality. Plaintiff’s motion for summary judgment is denied.
The defendant’s cross motion for summary judgment is granted but plaintiff is granted the right to replead. There were no allegations presented by plaintiff that any malicious intent to *995 deprive them of their money existed. There is no indication before the court that the defendant’s activities were other than valid collection techniques. Absent a showing of malicious intent by the defendant, no cause of action is shown. The statute’s notice requirements minimize intrusion, as the debtor may promptly get an order directing satisfaction of the judgment and release of the balance of the restrained moneys. Malicious use of CPLR 5222 (b) does not make the statute itself unconstitutional.
Plaintiff’s motion to strike the affirmative defense of collateral estoppel and of res judicata is granted as defendant’s assertions are without merit. Defendant’s other affirmative defense of failing to state a cause of action is also struck.
Plaintiff’s motion for summary judgment is denied.
Defendant’s motion for summary judgment is granted, except that plaintiff may replead as indicated.